## MERRILL v. REAVER.

1, **Railroads: SUBSIDY NOTES.** A note given to aid in the construction of the Albia,, Knoxville & Des Moines Railroad provided that it should become due if the road were constructed and the cars running from Albia to Knoxville within two years: *Held*, that it was not a condition precedent to liability on the note that the road should be constructed to Des Moines.

2. ———: ———: CORPORATIONS. Contracts made by corporations do not embrace as parts and conditions thereof the articles of the corporation.

3. ———: ———: ———. A part of the consideration of the note being stock of the company to be issued, an illegal increase thereof would constitute a defense to the note only upon proof that the stock illegally issued could not be distinguished from the legal stock.

4. ———: ———: ———. The fact that the affairs of a corporation are unwisely managed, or its contracts not authorized by the articles of incorporation, will not relieve a stockholder from liability to pay his subscription for stock.

Merrill v. Reaver.

*Appeal from Marion Circuit Court.*

WEDNESDAY, APRIL 9.

ACTION at law upon two promissory notes. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*John F. Lacey, James D. Gamble* and *D. F. Miller*, for appellants.

*Stone & Ayres, T. J. Anderson* and *J. R. Barcroft*, for appellee.

BECK, CH. J.—I. The petition declares upon two promissory notes, each in the following language:

"For value received I promise to pay to the Albia, Knoxville & Des Moines Railroad Company, or bearer, the sum of five hundred dollars, upon completion of said railroad and cars running thereon to the depot at Knoxville, Marion county, Iowa, if done in two years from the 1st day of June, 1875, with interest at the rate of ten per cent per annum from maturity. This note to be due and payable when the cars run to the depot above named within the time above stipulated, and on such payment the Albia, Knoxville & Des Moines Railroad Company agree to issue to the maker of this note a certificate of stock for each one hundred dollars mentioned in this note; but if the road be not completed within the time above named the note is to be void, and on demand to be returned to the maker.

"*March 3, 1875.* JOHN REAVER."

It is alleged that plaintiff entered into a contract with the Albia, Knoxville & Des Moines Railroad Company to construct its road from Albia to Knoxville, and that upon the performance of his contract, by the completion of the road to Knoxville, the notes in suit, with others of like character, were transferred to him upon his contract in payment. It is also

averred that the road was completed, as contemplated by the contract, on the 12th day of November, 1875, within the time specified in the notes, and they became due on the day of the completion of the road; and that plaintiff, who purchased the notes from the payee therein named, is ready and willing to deliver to defendant the full amount of stock to which he would be entitled upon the payment of the notes.

The answer of the defendant must be here fully set out, as a demurrer to the amended answer was sustained by the court below. The original answer, not withdrawn, is as follows:

"And for further answer herein the defendant avers and states that at the time the note sued on by plaintiff was executed the capital stock of said corporation was limited by its charter to five hundred thousand dollars, which might be increased to one million dollars by the majority of the stockholders; and that said stock has never been legally increased by said stockholders, but that the contract under which the plaintiff claims to own the notes sued upon purported to increase the capital stock of said corporation to two million one hundred and ninety five thousand dollars, all of which stock was issued and was to be issued to the plaintiff only, and no provisions were made for the issuance of any stock to this defendant, or unto any of the subscribers thereto except to the plaintiff; that by the terms of said contract with said Merrill the said stock was so largely watered or increased as to be wholly valueless; that at the time the note sued on was given the stock of said company was only twenty thousand dollars per mile, but that by said contract the amount was so largely increased as to render it of no value whatever; that it is true that plaintiff has tendered to defendant twice as much of said worthless stock as defendant had subscribed for, or had contracted to receive under the contracts sued on; that at the time of making the contract sued upon the issuance of the stock was one of the considerations for the signing of the said note, and that it was then and there agreed that defendant should have one share

of stock for every hundred dollars subscribed by him in said note; that it is not true that the stock of said company was increased in any lawful manner at the time alleged in the petition, or at any other time prior to the making of said contract with the said Merrill, but that the said company at the time that said contract was made was only authorized to issue stock to the amount of five hundred thousand dollars, but that in violation of the terms of said charter the said Albia, Knoxville · & Des Moines Railroad Company not only contracted with the said Merrill to issue to him the said two million one hundred and ninety-five thousand dollars of stock, but actually issued the same to him, and by said contract gave unto the said Merrill the right to use and the control of the corporate seal of said corporation, and the right to use the name of said company, and the said Merrill thereupon fraudulently obtained the issuance of said stock to himself in fraud of the rights of this defendant; that said stock has been obtained and put in circulation, and is beyond the control of said corporation, and that said stock cannot be distinguished from the genuine and authorized stock of said company, and said Merrill, at the time he made said contract with the said corporation, well knew that said corporation had no lawful right to issue the same, and well knew that said stock was issued in fraud of the rights of the stockholders of the said corporation, and in fraud of the rights of this defendant."

The amended answers are as follows:

"1.   Now comes the defendant, and, with leave of the court, amends his answer in the case heretofore filed herein, and for amended answer says he withdraws so much of his answer heretofore filed as admitted that the plaintiff had performed all the conditions and things named on the face of the instrument sued upon to be done and performed by the payee thereof, except so far as the matters and things otherwise in said answer stated constitute a defense.   And defendant, for the just protection of his rights in the premises, avers that the notes sued upon were executed to the Albia, Knoxville &

Merrill v. Reaver.

Des Moines Railroad Company, a corporation organized to build a railroad from Albia, in Monroe county, Iowa, by the way of Knoxville, in Marion county, Iowa, to the city of Des Moines, in Polk county, Iowa, and that it is a condition of each of said notes that it should not be due and payable unless said road should be completed, to-wit: in legal construction, be built from Albia, via Knoxville, to Des Moines city, and the cars running to the depot at Knoxville, within two years from the 1st day of June, A. D. 1875; and defendant denies that said road was completed within the said time prescribed; wherefore, defendant denies plaintiff's right to recover.

"2. And for further answer defendant denies that plaintiff constructed and completed said road from Albia to Des Moines, by way of Knoxville, as said written contracts or notes require, within the time prescribed in said notes, and as is required by the conditions of said notes; and defendant makes the articles of incorporation of said railroad company a part of this answer, a copy of which is hereto annexed marked exhibit 'A,' and he avers that said articles are to be taken and held as a portion of said notes in the construction of said notes; wherefore, defendant denies plaintiff's right to recover, and demands judgment for costs.

"3. And in reference to that averment of plaintiff's petition which states that when the notes sued upon were executed the articles of incorporation of said railroad company limited the amount of stock it might issue to twenty thousand dollars per mile for each mile of its road, and that said articles were amended on or before the 14th day of May, 1875, so as to permit said company to increase its stock to forty thousand dollars per mile, and that stock of said company to the amount of forty thousand dollars per mile has been issued to stockholders, defendant, for answer thereto, denies that there is any clause in said articles of incorporation which limits the amount of stock to any particular amount per mile, and he denies that there is any part of any pretended amendment of

Merrill v. Reaver.

said articles which specifically authorizes said company to issue stock to the amount of forty thousand dollars per mile; but defendant admits that said company has issued stock to the amount of forty thousand dollars per mile on a portion of said road, to-wit: from Albia to Knoxville, amounting to over one million of dollars in stock; and defendant denies that there was a change duly and legally made in said articles of incorporation to authorize the issuance of said stock last referred to, and he avers said stock was illegally and fraudulently issued as against the rights of defendant, and was the result of a written contract and agreement between plaintiff and said railroad company, of date the 13th day of May, 1875, which will more fully and at large appear by reference to said contract, a copy of which is annexed to division 4 of this answer; and defendant avers that by the provisions of said contract said plaintiff is to build and construct said railroad from Albia, by way of Knoxville, to Des Moines city; and he is to receive from said company as a part of the consideration therefor the further sum of stock to the amount of twenty-five dollars per mile for that portion of said road lying between Knoxville and Des Moines city, making the stock in said company already paid and to be paid to plaintiff amount in all to the sum of two million one hundred and ninety-five thousand dollars; and defendant avers that it was under the provisions of said exhibit 'B' that plaintiff received the said notes sued upon, and it was fraudulent in him to procure said notes when the contract under which he obtained them caused the stock of said company to be watered, and which necessarily depreciated, and did depreciate, the value of any stock to be issued to defendant; and defendant avers that the said watering of the stock of said company was illegal and fraudulent as to defendant; wherefore, defendant denies plaintiff's right to recover, and demands judgment for costs.

"4. Defendant further answering says: That at the time of the execution of the note sued upon the articles of incorporation which are hereto attached and made a part hereof

limited the capital stock of said corporation to five hundred
thousand dollars, and limited the indebtedness of said corpo-
ration to five hundred thousand dollars; that under the laws
of Iowa said indebtedness could not exceed two-thirds of said
capital stock, or three hundred and thirty-three thousand
three hundred and thirty-three dollars and thirty-three and
one-third cents; that said corporation entered into a written
contract with the plaintiff, a copy whereof, marked exhibit 'B,'
is hereto attached, by which the said corporation agreed to
issue to said plaintiff two million one hundred and ninety-five
thousand dollars of stock of said company, all of which was
to be issued to said Merrill, and all of which was issued to
him; that the articles of incorporation were changed so that
the capital stock should be two million one hundred and nine-
ty-five thousand dollars, and the indebtedness might be one
million dollars; that said change was illegally made, and not
made in the manner provided by said articles, and was fraud-
ulently and wrongfully made for the express purpose of en-
abling the said Merrill to obtain the said two million one
hundred and ninety-five thousand dollars of stock of said cor-
poration; that under the laws of Iowa (Code, § 1061) the in-
debtedness of a corporation could not exceed two-thirds of
said original stock, but that by and through the device of
issuing the said illegal and spurious stock, as set forth in the
answer and amended answer, the said corporation was enabled
to contract indebtedness to the amount of one million dollars;
that six hundred and sixty thousand dollars of said indebted-
ness was and is in the form of negotiable mortgage bonds,
which bonds are not yet due, and which have been put upon
the market and sold to various persons whose names are
unknown to defendant, and that over three hundred thousand
dollars thereof are wholly illegal and unauthorized; that all
of said bonds were, in pursuance of said agreement, delivered
unto plaintiff, and were negotiated and sold by him; that said
bonds are now beyond the control of plaintiff, and beyond the
control of said corporation, and that said bonds in excess of

the legal limit of said corporate indebtedness are the same in form of the other bonded indebtedness of said corporation, and cannot be distinguished from the other indebtedness thereof.

"Said bonds have been transferred to innocent holders, and are wholly beyond control and power of the plaintiff or said corporation; that said capital stock was increased and watered illegally, as aforesaid, in order to enable said plaintiff to put said bonds on the market and sell the same; that the bonded indebtedness of said corporation so put upon the market and sold as aforesaid equals or exceeds the total value of all the capital stock of said Albia, Knoxville & Des Moines Railroad Company; that said bonded indebtedness is a lien prior and superior to the rights of said stockholders; and that by virtue of said bonded indebtedness the said stock has been rendered wholly valueless. Wherefore defendant denies plaintiff's right to recover, and demands judgment for costs."

The exhibits referred to in the pleadings need not be set out.

The plaintiff filed a demurrer to each count of the amended answers, which was sustained to the first, second and third, and overruled as to the fourth count.

Thereupon the plaintiff replied to the answer of defendant as follows:

"And now comes the plaintiff, and for reply to the answer filed herein by defendant denies the allegations thereof except as hereinafter stated and admitted. Plaintiff admits that at the time of the execution and delivery of said notes by the defendant to the said Albia, Knoxville & Des Moines Railroad Company the capital stock of said company was limited to the sum of five hundred thousand dollars, but plaintiff avers that afterward, to-wit: on the 24th day of May, A. D. 1875, said company, under and in pursuance of article No. 19 of incorporation of said company, a copy of which is attached to amended answer of defendant, which is hereby made a part hereof, changed the provision limiting the amount of the

capital stock, and by said change increased the amount of the authorized capital stock of said company to the sum of two million one hundred and ninety-five thousand dollars. A copy of the article as changed is hereto attached and made part hereof, marked exhibit 'B.'

"Plaintiff denies the said contract under which he claims to own the notes sued on purported to increase the capital stock of said company; denies that all of the said stock was issued to plaintiff; denies that said stock was so watered or increased as to be wholly valueless; denies that said company issued the said two million one hundred and ninety-five thousand dollars of stock to plaintiff, or that it gave to said Merrill the use of the corporate seal of said company in manner and form as alleged in said amendment to answer, and denies that he fraudulently or in any manner obtained the issuance of said stock to him; denies that said stock issued under the provisions of said changed article cannot be distinguished from other stock issued or to be issued to the defendant or other parties under the terms of the agreement between said company and said defendant.

"And plaintiff avers there was issued by the said Albia, Knoxville & Des Moines Railroad Company, under the provisions of the said contract between the Albia, Knoxville & Des Moines Railroad Company and plaintiff, to plaintiff, one hundred and sixty shares, and J. M. Walker, trustee for the Chicago, Burlington & Quincy Railroad Company, nine thousand nine hundred shares, and that said stock so issued by said company to plaintiff and the said J. M. Walker, trustee as aforesaid, is all the stock that was issued by said company under the said contract under which the plaintiff claims to hold said notes.

"Plaintiff denies that said stock has been put in circulation beyond the control of said company, and that the same cannot be distinguished from the genuine and authorized stock of said corporation (if the same are not genuine), but avers that each and every share thereof can be identified; that all of

said stock so issued to the said Samuel Merrill has been, by a written contract with the Albia, Knoxville & Des Moines Railroad Company, cancelled and surrendered to said Albia, Knoxville & Des Moines Railroad Company, and the nine thousand nine hundred shares of stock so issued to the said J. M. Walker as trustee of the Chicago, Burlington & Quincy Railroad Company have been surrendered, cancelled and delivered to the said Albia, Knoxville & Des Moines Railroad Company, and that other four thousand three hundred shares were issued or are to be issued to the said J. M. Walker as said trustee, and are held by him as such trustee.

"And plaintiff says that afterward, to-wit: on the 22d day of February, 1878, the said Albia, Knoxville & Des Moines Railroad Company, by proper proceedings had by said company, changed the articles of incorporation providing for the increase of stock (a copy of which is hereto attached marked exhibit 'B') to the original provision, by which the amount of capital stock of said company is limited to the said sum of five hundred thousand dollars. A copy of the proceedings making said change is hereto annexed, marked exhibit 'D,' and made part hereof.

"And the said Albia, Knoxville & Des Moines Railroad Company and the said plaintiff thereupon changed and modified the said contract under which he claims to own said notes, so that the said plaintiff released the said Albia, Knoxville & Des Moines Railroad Company from any obligation to issue to the plaintiff, under and by virtue of said contract, any stock of said company to an amount which, with the stock issued or to be by said company issued, would be in excess of the sum of five hundred thousand dollars.

"And plaintiff says that the stock so tendered by him to the defendant, and now in court for defendant, was and is valid stock of said company, and was and is distinguishable from any and all other stock issued by said company, whether the same was or is legal or illegal, genuine or invalid.

"And for reply to the fourth division of the amendment to

the answer plaintiff admits that at the time the notes sued upon were executed the original articles of incorporation limited the capital stock of said corporation to five hundred thousand dollars, and limited the indebtedness of said corporation to five hundred thousand dollars; admits that the statute of Iowa was and is as in said answer alleged; that plaintiff entered into a written contract with defendant as stated in said division of said answer; denies that all of said stock which said corporation in said agreement agreed to issue to said plaintiff was issued to him, and avers that a small portion only thereof, to-wit: the amount of sixteen thousand dollars, was issued to him. Plaintiff says that after the execution of said notes, to-wit: on the 24th day of May, 1875, the board of directors of said Albia, Knoxville & Des Moines Railroad Company being duly convened for that purpose—present, M. Gifford president, J S. Cunningham vice-president, and the said M. Gifford and J. S. Cunningham, and A. W. Collins, E. Baker, James Mathews, I. A. Bonsell, George Kruck, J. K. Casey, O. B. Ayres, J. M. Jones, S. Heberling and H. J. Scoles, directors of said company, who were a majority of said board of directors, did, on motion of O. B. Ayres, one of said directors, seconded by the said J. S. Cunningham, unanimously vote that article 15 of the articles of incorporation of said company be so amended as to read as follows: 'The capital stock of this company shall be and is hereby fixed at two million one hundred and ninety-five thousand dollars ($2,195,000), to be divided into shares of one hundred dollars each. The liabilities of the company shall not at any time exceed one million dollars. Each share of stock shall entitle the holder thereof to one vote at all elections by the stockholders. Each stockholder may vote in person or by proxy. That said section so amended shall stand instead and in place of original section 15 of said articles of association.' Which said change in said article 15 of said articles of incorporation was made by the unanimous vote of said members present at said meeting of said board, and by

and with the unanimous consent of the whole board of directors of said company, expressed in writing and signed by each member of said board of directors, and filed among the records of said company, and entered in the records of the proceedings of said company, and which is as follows:

"'We, the undersigned, being all the members of the board of directors of the Albia, Knoxville & Des Moines Railroad Company, do hereby each of us, as members of said board, consent to and adopt the foregoing amendment and substitute for said article of incorporation of this company, May 24, 1875.' Signed by each and every member of said board of directors. Plaintiff denies that said company contracted an indebtedness to the amount of one million dollars; denies that six hundred and sixty thousand dollars of said indebtedness was or is in the form of negotiable mortgage bonds, or that bonds issued to that amount.

"Plaintiff admits and avers that bonds were issued by said company to the amount of fourteen thousand dollars per mile for thirty-three miles of said road, being the first division of said road from Albia to Knoxville, and no more; denies that said bonds are in the hands of innocent holders, and avers that all of said bonds were issued and delivered to or for the Chicago, Burlington & Quincy Railroad Company, and avers the same have ever since been and are still owned and possessed by said Chicago, Burlington & Quincy Railroad Company, and the said Chicago, Burlington & Quincy Railroad Company purchased the same with full knowledge of the provisions of the original articles of association of said Albia, Knoxville & Des Moines Railroad Company, and of the manner and purposes of the change of said articles of incorporation. And all the changes of said articles of incorporation, and the increase of the stock, and the issuance of said bonds to the amount, and in the manner, and for the purpose for which they were issued, were made and done with the knowledge of the said Chicago, Burlington & Quincy Railroad Company, and in pursuance of an agreement and understanding then

and therefor had by and between the said plaintiff and the said Albia, Knoxville & Des Moines Railroad Company, and the said Chicago, Burlington & Quincy Railroad Company, that the same should be made and done in every respect as the same were made and done. Plaintiff says that said bonds were not put upon the market, but that the same were delivered to or for the said Chicago, Burlington & Quincy Railroad Company, who has ever since been and now is the owner thereof, under and by virtue of an agreement in writing between the said plaintiff and the said Chicago, Burlington & Quincy Railroad Company; denies that the stock of said Albia, Knoxville & Des Moines Railroad Company has been rendered wholly valueless, or that the same has been in any manner affected by said bonded indebtedness, and plaintiff denies all fraud or illegality in said answer alleged."

Upon the submission of the cause to the jury the court gave the following instructions:

"*Gentlemen of the Jury:*

"The execution of the written instruments in suit are admitted, and if you find from the evidence that the Albia, Knoxville & Des Moines Railroad was built and completed from Albia to Knoxville, and the cars running thereon to the depot at Knoxville, within two years from the 1st day of June, 1875, then the plaintiff is entitled to recover the full amount named in said instruments, with interest thereon at the rate of ten per cent per annum from the time the road was thus completed to the present time, unless you find that the defendant has maintained his defense of failure of consideration, as hereinafter explained, by a preponderance of testimony.

"2. That is to say, if the defendant has shown that since the execution of the notes in suit the Albia, Knoxville & Des Moines Railroad Company issued a large amount of illegal stock certificates, and which are beyond the control of such corporation or the plaintiff, and that the illegal stock thus issued cannot be distinguished from the genuine stock, and

Merrill v. Reaver.

that it is now beyond the power of the plaintiff or the railroad company to deliver to defendant valid stock upon his payment of the notes, this would be a good defense.

"3. But the evidence upon this question (whether illegal stock was issued) is mainly record evidence or written evidence, and under the law it is the duty of the court to construe such instruments, and to state the effect of such evidence, and it is the duty of the jury to receive and to accept the instructions so given; and this is so even though you may think the instructions here given are wrong.

"4. Under the articles of incorporation the board of directors had no power to increase the capital stock of the company; at least they had no such power at a meeting of which there had been no notice given, and at which all of the directors were not present. Therefore, if you find that no notice was given of the meeting of directors of May 24, 1875, and all of the directors were not present at such meeting, then their action in attempting to increase the capital stock of the company was invalid, and consequently the stock issued in excess of the original capital stock of the company was illegally issued, and was invalid.

"5. But the illegal issue of stock constitutes no defense to the notes in suit, unless it is further shown that the illegal stock so issued cannot be distinguished from the genuine, and are outstanding; that is to say, unless it is shown by the evidence that the defendant cannot get genuine stock on the payment of the notes.

"6. The issues of fact of which you are to determine in this case are, therefore, very few and simple. If you find from the evidence that the road was built to Knoxville within two years, as hereinbefore explained, and if the illegal stock has been cancelled and destroyed, and the plaintiff is able and willing to deliver genuine stock to the defendant when the defendant shall pay the notes in suit, then the defense has failed, and your verdict must be for the plaintiff. All other

issues that have been discussed in your hearing should be disregarded by you, as they are immaterial to the determination of this suit."

The numerous errors assigned by defendant raise few if any questions except those which are based upon the rulings of the court in sustaining the demurrer and in giving the instructions to the jury. If the principles upon which these rulings are based be correct, the action of the court in the admission of testimony against defendant's objection, and in refusing instructions asked by him, must be supported.

II. We will first consider the action of the court in sustaining the demurrer to defendant's amended answer. The first count of the amended answer is assailed on the ground that it is not a condition of the instrument sued upon that it should not become due until the railroad should be completed to Des Moines, and it is not denied that the road was completed to Knoxville within two years, the time prescribed in the contract.

1. RAILROADS: subsidy notes.

The first objection raised by the demurrer is well taken. The contract embodied in the notes is for the completion of the railroad to Knoxville within two years, and upon such completion the notes were to become due. The position taken by defendant, as expressed in the first count of the amended answer and urged upon argument, that the payment of the notes is conditioned upon the completion of the road to Des Moines, is in conflict with the express terms of the contract. The point demands no further attention.

III. The second count of the amended answer is bad, for the reason that the notes do not stipulate for the construction of the railroad to Des Moines, as above held, and there is no stipulation in the contract that the articles of incorporation of the railroad company are to be taken as a part of the notes in their construction. The law does not so provide in the absence of stipulation. Surely it cannot be claimed that the charters of corporations are to be

2. ——: ——: corporations.

taken as part of contracts made by them. If a contract is beyond the powers of the corporation, as limited by its charter, it may not be enforced; but if within its power we cannot consider the charter as a part of the contract, in order to determine its true construction.

IV. The third count of the defendant's amended answer is bad, for the reason that it does not aver and show that the stock in excess of the amount which the railroad company is authorized to issue cannot be distinguished from legal stock; that it is beyond the control of the railroad company and plaintiff; and that the stock that the defendant will receive under the contract will be invalid and worthless on account of illegal issue. If the stock issued in excess of the amount authorized by the articles of incorporation is illegal—the count of the answer under consideration so avers—and can be distinguished from valid stock which defendant may receive, the issue of the illegal stock cannot depreciate the stock which defendant is to receive as the consideration for his notes. See *Merrill v. Gamble*, 46 Iowa, 615. The demurrer to the third count of the answer was correctly sustained.

V. The doctrine just announced is clearly presented in the second and fifth instructions given to the jury. They are, therefore, correct.

VI. The sixth instruction directs the jury that "if the illegal stock has been cancelled and destroyed, and the plaintiff is able and willing to deliver genuine stock to the defendant when he shall pay the notes in suit, then the defense has failed." This instruction accords with the conclusions above announced, and is correct. It demands no further discussion. There was evidence, to which this instruction is applicable, introduced in support of plaintiff's reply, alleging that the stock issued in excess of the amount authorized by the original articles of incorporation had been cancelled.

VII. The defendant asked the court to direct the jury that

the issue of bonds by. the railroad company, in excess of the amount authorized by the articles of incorporation, which impaired the value of the stock by casting a cloud over the corporate property, would be a good defense against this action. The instruction was properly refused. The bonds, if illegally issued in excess of the amount authorized, are, therefore, void, and the stock of defendant could not be affected thereby. If they are legal, defendant cannot complain. By becoming a debtor to the corporation he is not clothed with the power to control its acts. A corporation may be legally yet so unwisely managed as to impair the value of its stock. Surely this would not relieve the stockholder of. liability to pay his subscription to the corporation made for his stock. Men that become stockholders must assume a certain degree of risk that the affairs of the corporation will not always be wisely or even lawfully managed. When contracts are made by the officers of the corporation, which are void, the stockholder's remedy is to be pursued by resistance to the enforcement of such contracts. He cannot withdraw from the corporation. Defendant's rights are the same.

It will be observed that the contract in suit is conditioned for the building of the road within a certain time to Knoxville and the receipt of stock. There is no stipulation for the proper management of the affairs of the corporation.

VIII. Defendant's counsel suggest, though they do not at length argue the point, that the acts of the railroad company rescinded the contract. We discover in the case no support for this position. If plaintiff has performed the conditions of the note he may recover; if not he must fail. It is simply a question of performance of the contract on the part of the holder of the notes.

IX. But defendant argues that, as the over-issue of stock was cancelled after this action was commenced, plaintiff cannot, for that reason, recover. The rights of the parties, it is

Merrill v. Reaver.

insisted, must be settled as they were when the suit was commenced.

The defense of defendant is that the stock to which he is entitled is depreciated or ruined by the over-issue. He is not entitled to stock until he pays his note. If when he pays there is no over-issue, all the stock in excess of the lawful amount having been cancelled, he will obtain just what his contract provides for, and he is in no manner injured. He was entitled to no stock while there was an over-issue. He was not injured thereby.

X. Defendant insists that the court erred in excluding evidence tending to show that plaintiff is not the true owner of the notes, and that he obtained them through fraud. But the ready answer to this objection is that the ownership and possession of the notes are averred in the petition, and not denied in the answer. His property in and possession of the paper is not in issue, and must be regarded as admitted.

The foregoing discussion disposes of all points presented in argument by counsel of defendant. We find no reasons for disturbing the judgment of the court below. It is, therefore,

AFFIRMED.

SEEVERS, J., having been of counsel in the court below, took no part in the decision of the case.