JOHN H. REED & others, trustees, *vs.* BOSTON MACHINE COMPANY.

ARTHUR CUMMINGS *vs.* SAME.

JOHN G. BUTLER *vs.* SAME.

WILLIAM C. COTTON *vs.* SAME.

Suffolk.   March 16. — April 1, 1886.   W. ALLEN & HOLMES, JJ., absent.

A holder of special stock of a corporation, which is illegally issued, may prove against the estate of the corporation in insolvency the amount paid by him for the stock, deducting any dividends received, although he did not rescind the contract before the insolvency.

APPEALS, by the assignees in insolvency of the defendant corporation, from decrees of the judge of insolvency, allowing the claims of the several plaintiffs. At the trial in the Superior Court, without a jury, before *Knowlton*, J., it appeared that all the claims were for money paid by the several plaintiffs for shares of special stock of said corporation, the issue of which was declared by this court, in *American Tube Works* v. *Boston Machine Co.* 139 Mass. 5, to be invalid. By the terms of the certificates, the stock was redeemable at par after July 1, 1885, and was entitled to a fixed half-yearly dividend of three and a half per cent.

It further appeared that most of the plaintiffs received their certificates in 1881, and the others received theirs in 1882 and 1883; and that all of them but Butler had received dividends on their stock.

There was no offer by any of the plaintiffs to rescind, or to return the certificates of special stock or the dividends received thereon, before the filing of the petition in insolvency by the corporation, which took place on May 12, 1883, or before their offer to prove their claims in insolvency; and the only objection made to the allowance of the claims was for this reason.

At the time the certificates were delivered and the dividends were paid, both the corporation and the plaintiffs supposed that the stock was legally issued.

The plaintiffs were severally allowed to prove for the amount paid by each for stock, without interest, deducting the dividends received.

The judge reported the case for the determination of this court.

*E. H. Bennett*, for Reed and others.

*G. W. Estabrook*, for Cummings.

*A. Russ*, for Butler.

*C. T. Gallagher*, for Cotton.

*J. H. Benton, Jr.*, for the assignees.

C. ALLEN, J. These cases are virtually covered by the decision in *American Tube Works* v. *Boston Machine Co.* 139 Mass. 5. In that case, to be sure, the plaintiff made an election to repudiate its stock, and offered to return it, before the adjudication in insolvency. Under the circumstances then existing,

this was a fact of some importance, because, as stated in the opinion in that case, " this special stock might have been made good, so that the plaintiff would be content or be bound to keep it." But in the present case the time for doing this had passed. The stock was invalid, and nothing could be done by the corporation to make it valid. It was no longer possible to make the plaintiffs stockholders, by estoppel. Under these circumstances, there was no occasion for the plaintiffs to return their certificates of shares, which were valueless ; or the dividends which they had received, which were less than the sums they were entitled to receive, the stock being and remaining invalid. See *Brewster* v. *Burnett*, 125 Mass. 68 ; *Kent* v. *Bornstein*, 12 Allen, 342. In *Allen* v. *Herrick*, 15 Gray, 274, the plaintiff had received and held notes, indorsed by another party, for the dividends. The sums for which the plaintiffs are respectively entitled to prove their claims are the amounts paid by them for the special stock, without interest, which is not insisted on, and which would not run till after a demand, deducting the dividends received.

*Judgments accordingly.*