## MADDEN v. LANCASTER COUNTY.

(Circuit Court of Appeals, Eighth Circuit. December 3. 1894.)

### No. 476.

1. COUNTIES—LIABILITY FOR CARE OF HIGHWAYS—STATUTES AND CONSTITUTION OF NEBRASKA.

The Nebraska statute of 1889, giving a right of action against counties for failure to keep highways and bridges in repair, if brought within 30 days after the injury, does not violate the constitution of that state, either by granting to counties a special immunity, or by amending the general statute of limitations without containing or repealing the section amended, since, before the passage of said act, counties were not liable to suit, and the act imposed a new liability, which might be limited in any way the legislature saw fit.

2. LIMITATION OF ACTIONS—REASONABLENESS.

Where the same statute creates a new right of action, and imposes a limitation of time within which such action must be brought, the· objection that the time is unreasonably short cannot be entertained.

3. SAME—FROM WHAT TIME LIMITATION RUNS.

Where a statute provides that an action for damages may be brought "within 30 days of the time of said injury or damage occurring," suit must be brought within 30 days from the occurrence giving rise to the right, and not from the time when the whole consequent damage was suffered.

4. NEBRASKA CODE—JUDGMENT NON OBSTANTE VEREDICTO.

Under. the Nebraska Code of Civil Procedure, a defendant does not waive his right to judgment on the pleadings by answering over after a demurrer interposed by him has been overruled.

In Error to the Circuit Court of the United States for the District of Nebraska.

This was an action by Michael H. Madden against the county of Lancaster, Neb., for personal injuries. After a verdict for the plain-tiff in the circuit court, that court rendered judgment for the defendant on the pleadings. Plaintiff brings error.

G. M. Lambertson, for plaintiff in error.

Charles O. Whedon and W. H. Woodward, for defendant in error.·

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. In 1889 the legislature of the state of Nebraska passed an act entitled "An act relating to highways and bridges and liabilities of counties for not keeping same in repair," by which, for the first time in the history of that state, they expressly gave a right of action against a county for damage resulting from its neglect to maintain and keep in suitable repair the highways and bridges in its charge, on the express condition that the action so authorized should be commenced within 30 days of the time when the injury or damage occurred. Section 4 of that act, which gives this right of action, reads as follows:

"If special damage happens to any person, his team, carriage, or other property by means of insufficiency, or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county, and if damages accrue in consequence of the insufficiency or want of repair of a road or bridge, erected and maintained by two or more counties, the action can be brought against all of the counties liable for the repairs of the same, and damages and costs shall be paid by the counties in proportion as they are liable for the repairs; provided, however, that such action is commenced within thirty (30) days of the time of said injury or damage occurring." Sess. Laws, Neb. 1889, p. 77; Consol. St. Neb. 1891, § 1934.

The plaintiff in error brought an action against the defendant in error, the county of Lancaster, for damages caused by a defective bridge, more than 30 days after his injury occurred. The defendant in error demurred to the plaintiff's petition, which disclosed this fact, on the ground that it did not state facts sufficient to constitute a cause of action, and its demurrer was overruled. The defendant then answered, among other things, that the action ought not to be maintained because it was not brought within 30 days of the time when the injury or damage occurred. The case was tried to a jury, and a verdict rendered for the plaintiff.

Section 440 of the Code of Nebraska provides that "where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." Consol. St. Neb. 1891, § 4965.

After the verdict, and upon the motion of the defendant, the court rendered a judgment in its favor upon the statements in the pleadings, and this is the error complained of.

The constitution of the state of Nebraska declares that no special law shall be passed by the legislature of that state, "laying out, opening, altering and working roads or highways * * * regulating the practice of courts of justice * * * granting to any corporation, association, or individual any special or exclusive privileges, immunity or franchise whatever," and provides that "in all other cases where a general law can be made applicable no special law shall be enacted." Const. Neb. art. 3, § 15. That constitution also provides that "all corporations may sue and be sued in like cases as natural persons" (Id. art. 13, § 3), and that "no bill shall contain more then one subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amend-

ed shall be repealed" (Id. art. 3, § 11). When the act of 1889, in question, was passed, the time in which actions for negligence could be commenced was limited to four years by the General Statutes of the state. Consol. St. Neb. 1891, §§ 4541, 4548, 4552.

The chief contention of counsel for plaintiff in error in this case is that the proviso of the act of 1889 limiting the time within which actions for negligence may be brought thereunder is in violation of these provisions of the constitution. He maintains that the condition of the grant of the cause of action by the act of 1889, that it must be commenced within 30 days after the injury, is unconstitutional, because it grants special immunity to counties, from actions for negligence, during all but 30 days of the 4 years within which they may be brought against others, and because it is in effect an amendment of the general statute of limitations on this subject, and does not contain or repeal the section amended. Stated in syllogistic form, the argument is: Counties in Nebraska are corporations, and, in the absence of the act of 1889, they were liable to actions for injuries caused by their negligence in the care of highways and bridges for the same term (4 years) that other corporations and individuals were liable to such actions under the general statute of limitations of that state. The act of 1889 relieved them from such liability during all but 30 days of the 4 years, while it left all other parties liable to actions for negligence for the entire 4 years. Therefore, the act of 1889 granted special immunity from these actions to counties, and amended the general statute of limitations without containing or repealing the section it amended. It is obvious that, unless the first proposition or the major premise of this syllogism is sound, the conclusion will not follow, and cannot be maintained. If that proposition is unsound; if, in the absence of the act of 1889, counties in Nebraska were not liable to actions for injuries caused by their negligence in the care of highways and bridges,—then the act of 1889 granted no immunity to them, but, on the contrary, fastened a liability and imposed a burden upon them. It made them liable to actions for damages for 30 days after injuries are caused, that they were not liable for before; and it did not amend the general statute of limitations by shortening the period within which any actions could be brought, but it granted rights of action for periods of 30 days, that, in its absence, would never have existed. Moreover, if this act was not a limitation of actions that might be maintained without it, and if it created rights of action for periods of 30 days that did not exist at all before, then it was a grant, instead of a limitation; and, even if it were unconstitutional, it would not be the limitation, but the grant, that would fall, and the effect would be, not that the action permitted could be brought after the 30 days, but that it could not be maintained at all. Counsel for the plaintiff in error fully appreciates how essential it is to his contention to establish the major premise of his argument, as we have stated it, and he meets the issue squarely. He presents an exhaustive and persuasive argument in support of the proposition that, under the common law and the statutes of Nebraska, counties are corporations, and are liable for negligence in the care of highways and bridges, regardless of the act

of 1889. In support of this proposition, he cites the decisions of the supreme courts of Indiana, Iowa, Pennsylvania, and Maryland (House v. Board, 60 Ind. 580; Wilson v. Jefferson Co., 13 Iowa, 181; Commissioners v. Duckett, 20 Md. 468; Rigony v. Schuylkill Co., 103 Pa. St. 382), and asks this court to investigate and determine the question thus presented as an original proposition, upon the right and reason of the matter, regardless of the precedents established, and the decisions already rendered upon it. The question is an interesting one, and it would be a grateful task to make such an original investigation and decision of it; but fixed rules of decision, which ought to and must govern the deliberations and action of this court, preclude us from entering upon it.

In the first place, the authorities cited from Indiana, Iowa, Pennsylvania, and Maryland are in conflict with the great weight of authority. The general rule of law in this country and in England is, and has been for more than a century, that while cities and municipal bodies, that voluntarily accept charters from the state to govern themselves, and to manage their own local affairs, are municipal corporations proper, and are liable for negligence in the care of streets and bridges, and in the discharge of like public duties (2 Dill. Mun. Corp., 3d. Ed., §§ 1017, 1018; Barnes v. District of Columbia, 91 U. S. 540, 550, 551, and cases cited), counties, townships, school districts, and road districts are not municipal corporations proper, and are not liable for such negligence. The latter, even when invested with corporate capacity and the power of taxation, are but quasi corporations, with limited powers and liabilities. They exist only for the purpose of the general political government of the state. They are the agents and instrumentalities the state uses to perform its functions. All the powers with which they are intrusted are the powers of the state, and the duties imposed upon them are the duties of the state; and inasmuch as the sovereign power is not amenable to individuals for neglect in the discharge of public duty, and cannot be sued for such neglect without express permission from the state itself, so these quasi corporations, its agents, are not liable for such negligence, and no action for damages arising therefrom can be maintained against any of them, in the absence of an express statute imposing the liability and permitting the action. 1 Dill. Mun. Corp. (3d. Ed.) §§ 23, 26; 2 Dill. Mun. Corp. (3d. Ed.) §§ 961–963; Russell v. Men of Devon, 2 Term R. 667; Barnes v. District of Columbia, 91 U. S. 540, 552; Travelers' Ins. Co. v. Township of Oswego, 7 C. C. A. 669, 675, 59 Fed. 58; Mower v. Leicester, 9 Mass. 247; Hill v. Boston, 122 Mass. 344; Askew v. Hale Co., 54 Ala. 639; Haygood v. The Justices, 20 Ga. 845; Hollenbeck v. Winnebago Co., 95 Ill. 148; White v. Commissioners, 90 N. C. 437; Brabham v. Board, 54 Miss. 363; Reardon v. St. Louis Co., 36 Mo. 555; Commissioners of Marion Co. v. Riggs, 24 Kan. 255; Cooley v. Freeholders of Essex, 27 N. J. Law, 415; Barnett v. Contra Costa Co., 67 Cal. 77, 7 Pac. 177; Eastman v. Meredith, 36 N. H. 284; Detroit v. Blackeby, 21 Mich. 84; Granger v. Pulaski Co., 26 Ark. 37; Templeton v. Linn Co. (Or.) 29 Pac. 795.

In Barnes v. District of Columbia, supra, the supreme·court declared that whether this distinction between the liability of municipal corporations proper and such quasi corporations as counties and townships, for neglect in the discharge of public duties, was based upon sound principle or otherwise, it was so well settled that it could not be disturbed. A rule that is too well settled for the supreme court to disturb is too firmly established for this court to undertake to overturn.

There is, however, another and a conclusive reason why we cannot, in this case, enter upon the consideration of this rule as an original question. It is that this question arose in the state of Nebraska, and before this cause of action accrued this question had been settled by a line of uniform decisions of the supreme court of that state. The answer to this question is not to be found in the general or commercial law, but it depends upon the construction of the constitution and statutes of the state of Nebraska. The extent of the powers and of the liabilities of the counties formed by or under the constitution and laws of a state must necessarily be determined by an examination and construction of the constitution and statutes which grant those powers and impose those liabilities. The national courts uniformly follow the construction of the constitution and statutes of a state, given by its highest judicial tribunal, in all cases that involve no question of general or commercial law, and no question of right under the constitution and laws of the nation. Dempsey v. Township of Oswego, 4 U. S. App. 416, 435, 2 C. C. A. 110, and 51 Fed. 97; Rugan v. Sabin, 10 U. S. App. 519, 3 C. C. A. 578, and 53 Fed. 415, 420; Travelers' Ins. Co. v. Oswego Tp., 7 C. C. A. 669, 674, 59 Fed. 58; Claiborne Co. v. Brooks, 111 U. S. 400, 410, 4 Sup. Ct. 489; Bolles v. Brimfield, 120 U. S. 759, 763, 7 Sup. Ct. 736; Detroit v. Osborne, 135 U. S. 492, 499, 10 Sup. Ct. 1012. The tenacity with which the national courts adhere to this practice is well illustrated by Detroit v. Osborne, supra. It is, as we have stated, the generally accepted rule of law that a city is liable for negligence in the construction or care of its streets and sidewalks. The supreme court had itself declared that the law must be deemed to be settled in accordance with this rule. Barnes v. District of Columbia, supra. The supreme court of the state of Michigan, however, had repeatedly held that a city in that state was not liable for negligence in the care of its streets. In this state of the decisions, Osborne, a citizen of the state of Ohio, sued the city of Detroit, in the United States circuit court in Michigan, for an injury caused by the negligence of the city which resulted in a defective sidewalk; and the supreme court held itself bound by the decisions of the Michigan court, and refused to permit him to recover. Mr. Justice Brewer, in delivering the opinion in that case, said:

"This question is not a new one in this court. In the case of Claiborne Co. v. Brooks, 111 U. S. 400, 410, 4 Sup. Ct. 489, it was held that, 'When the settled decisions of the highest court of a state have determined the extent and character of the powers which its political and municipal organizations

may possess, the decisions are authoritative upon the courts of the United States'; and in the opinion it was observed: 'It is undoubtedly a question of local policy with each state, what shall be the extent and character of the powers which its various political and municipal organizations shall possess; and the settled decisions of its highest courts on this subject will be regarded as authoritative by the courts of the United States, for it is a question that relates to the internal constitution of the body politic of the state.' What was there decided in reference to the powers is equally true as to the liabilities of a municipal corporation"

The reason for and the necessity of this rule are apparent. The circuit court below had concurrent jurisdiction with the courts of Nebraska of actions by citizens of other states against the municipal corporations and political organizations of that state. If the federal courts sustain actions against counties and other quasi corporations for negligence in the discharge of their public duties, in the absence of an express statute authorizing them, while the supreme court of that state refuses to do so, the result will be inequality before the law, rights of action for the citizens of other states that the citizens of Nebraska do not and cannot enjoy, and confusion and uncertainty in the administration of justice. Stability and certainty in the rights and remedies of citizens, and uniformity of decision and harmony of action between the national and state systems of jurisprudence, demand a strict adherence to the rule to which we have adverted. What, then, has the supreme court of Nebraska held as to the liability of counties to actions for negligence, in the absence of any legislative enactment expressly permitting them? In Wehn v. Commissioners, 5 Neb. 494, 497 (which was decided in 1877), an action was brought against a county for damages caused by the erection of a jail, and such negligence in its management that it became a nuisance; and that court refused to permit a recovery, held that no liability therefor existed, unless created by statute, and declared that there was "nothing in the legislation of this state, either directly or by reasonable implication, recognizing the liability of counties to private actions for the neglect of their officers in the performance of public duties." In Woods v. Colfax Co., 10 Neb. 552, 556, 7 N. W. 269 (decided in 1880), an action had been brought against the county for damages caused by the breaking down of a public bridge in that county. The supreme court of Nebraska reviewed some of the authorities upon the question before us, refused to allow a recovery, and closed its opinion with these words:

"The legislature undoubtedly possesses the power to make counties liable in cases of this kind, and some of the states have passed laws imposing such liability; but, without such legislation, we must adhere to the rule laid down in Wehn v. Commissioners, 5 Neb. 494."

In Hollingsworth v. Saunders Co., 36 Neb. 141, 144, 54 N. W. 79 (decided in 1893), an action was brought against the county, under the act of 1889, for damages caused by the breaking of a public bridge; and that court cited with approval the decision in Woods v. Colfax Co., declared that it was "perfectly plain that a county is not liable for the acts or negligence of its officers, un-

less made so by legislative enactment," and then sustained the action under the act of 1889.

For the reasons already stated, these decisions settle this question in the case in hand. The county of Lancaster is under no greater liability to a citizen of Iowa than to a citizen of Nebraska for a failure to keep its highways and bridges in a reasonably safe condition; and the measure of that liability must be determined by the construction given to the constitution and statutes of that state by these repeated decisions, and not by any opinion that this court might entertain in the absence of those decisions.

The result is that counties in Nebraska were not liable for negligence in the care of public highways and bridges, in the absence of the act of 1889. That act, therefore, did not grant any special privileges or immunity to such quasi corporations, nor did it shorten the term in which actions already authorized could be brought, nor amend the general statute of limitations; but, on the other hand, it imposed a new liability upon, and gave a new right of action against, them, for 30 days after any injury caused by such negligence; and the argument against the constitutionality of this act, which we have been considering, cannot prevail.

Another contention of counsel for plaintiff in error is that the limitation of 30 days on the rights of action by the act of 1889 was unreasonably short. If this was a limitation upon rights of action in existence at the time of the passage of this act, the objection might be worthy of consideration. But the proviso in the act that suits shall be brought upon the rights of action it creates within 30 days from the occurring of the injuries, respectively, is a condition qualifying the rights of action, and not a mere limitation of the remedy. Theroux v. Railroad Co. (decided by this court at the present term) 64 Fed. 84; The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140; Railroad Co. v. Hine, 25 Ohio St. 629. It was within the discretion of the legislature of Nebraska to create the rights of action given by this act, or to refuse to create them at all; and a fortiori it was entirely within the discretion of that legislature to fix the duration of their existence, if it gave them being. The whole is greater than any of its parts. Where the time within which a right of action may be enforced is limited by the legislative enactment which creates the right, the legislature is the exclusive judge of the reasonableness of the limitation, and it is not the province of the courts to inquire concerning it. De Moss v. Newton, 31 Ind. 219.

Again it is said that the condition that the action must be brought "within thirty days of the time of said injury or damage occurring," does not extend to this case, because the plaintiff was confined to his bed and suffered intense pain, in consequence of his injury, for two months after it occurred, and was unable to consult his attorney; that he then presented his claim to the county commissioners, who rejected it, that he has necessarily incurred liability for medical services up to the time he commenced his action; and that his is a continuing damage, which was not all sustained until the day when he brought his action, more than six months after he sustained the

injury. But it was the province of the legislature, and not that of the courts, to fix the conditions on which the rights of action it created might be enforced. and to name the exceptions to these conditions, if any. The legislature has made no exception, on account of any of the matters to which we have referred, to the express condition that it imposed upon every right of action it created by this act. The conclusive presumption from this fact is that it intended to make none, and it would be judicial legislation for this court to do so. Morgan v. City of Des Moines, 60 Fed. 208;[1] McIver v. Ragan, 2 Wheat. 25, 29; Bank v. Dalton, 9 How. 522, 528; Vance v. Vance, 108 U. S. 514, 521, 2 Sup. Ct. 854. "The time of said injury or damage occurring," within the meaning of this statute, was clearly the time when the accident happened which caused the injury or damage, and not the time when all injury and damage resulting therefrom had ceased; and no action, in our opinion, can be maintained here, unless brought within 30 days from that time.

Finally, it is insisted that the defendant waived the defense that the action was not commenced in time, because it did not stand upon its demurrer, and that a judgment non obstante veredicto can never be lawfully rendered in favor of a defendant. It is a conclusive answer to both of these objections that, whatever the rule may be in the absence of a statute establishing it, section 440 of the Code of Civil Procedure of Nebraska (Consol. St. Neb. 1891, § 4965) expressly requires that where, upon the statements in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party. This section is not, in our opinion, in any way limited or qualified by any other portion of the Code to which our attention has been called. It appeared both from the statements in the petition and from those in the answer that this action was not brought within the 30 days after the injury occurred, prescribed by the statute which gave it, and the court below could not have refused judgment for the defendant without disregarding this statute. Moreover, the defendant did not waive this defense by its failure to stand upon its demurrer, or by filing its answer. Under the Code and the settled practice in Nebraska, if the facts stated in the petition do not constitute a cause of action, not because of some defect in the form of pleading, but on account of a substantial defect that is fatal to a recovery, the defendant does not waive such defect by filing his answer, but may take advantage of it at any time. Consol. St. Neb. § 4636; Farrar v. Triplett, 7 Neb. 237, 240; O'Donohue v. Hendrix, 13 Neb. 255, 13 N. W. 215; Thompson v. Stetson, 15 Neb. 112, 17 N. W. 368; Railroad Co. v. Crockett, 17 Neb. 570, 572, 24 N. W. 219; Renfrew v. Willis, 33 Neb. 98, 106, 49 N. W. 1095; Plow Co. v. Webb, 141 U. S. 616, 623, 12 Sup. Ct. 100; Bennett v. Butterworth, 11 How. 669, 675. The defendant was guilty of no waiver here. It insisted upon this defense at every stage of the proceeding below. It raised it by demurrer, it raised it by answer, and it raised it by motion after verdict.

[1] 8 C. C. A. 569.

The result is that it is a complete defense to an action against a county in Nebraska for neglect in the discharge of its public duty to maintain reasonably safe highways and bridges, that such action was not brought within the 30 days after the occurring of the injury prescribed by the proviso to the act of 1889, and the judgment below must be affirmed. It is so ordered.