## LAREDO IMP. CO. et al. v. STEVENSON.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1895.'

No. 492.

1. CORPORATIONS—POWER TO INCREASE STOCK—TEXAS STATUTE.
   A statute of Texas, passed in 1871, provided that any corporation might increase its capital stock, to any amount not exceeding double the amount of its authorized capital, by a vote of the stockholders. In 1874 amendments were incorporated with the act providing that any private corporation might amend or change its charter by filing such amendments or changes, authenticated as an original charter, and also providing that no amendments or changes violative of the constitution or laws of the state, or of any of the provisions of the act, should be of any force or effect. *Held*, following the decision of the supreme court of Texas (Kampmann v. Tarver, 29 S. W. 768), that the limitation upon the power of corporations to increase their stock, imposed by the original act, was not removed by the amendments, and that corporations formed under the amended act have no power, by changing their articles of incorporation, to increase their capital beyond double its original amount.

2. SAME—ESTOPPEL.
   Where a corporation is absolutely without power to issue stock, or to increase its stock above a certain limit, no act or consent of a stockholder who receives stock issued without authority can estop him to deny its validity, or his liability to pay for it.

3. SAME—DECREE UPON SERVICE OUTSIDE JURISDICTION.
   A Texas corporation increased its stock beyond the limit permitted by law. A receiver of the corporation was appointed, and an order was served, outside the state, on a subscriber to the stock, to show cause why the receiver should not be directed to sue for unpaid subscriptions. A decree was entered directing such suits to be brought, but containing a

proviso that nothing therein contained should be construed as estopping any person from denying his liability as a stockholder. *Held*, that the subscriber was not estopped by this decree to deny his liability.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

This was an action by the Laredo Improvement Company, to the use of E. R. Tarver, receiver, and E. R. Tarver, receiver of the Laredo Improvement Company, against William H. Stevenson, to recover the amount of unpaid subscriptions to the stock of the corporation. The circuit court directed a verdict and judgment for the defendant. Plaintiff brings error.

E. R. Tarver, the plaintiff in error, as receiver of the Laredo Improvement Company, an insolvent corporation, brought this action in the court below against William H. Stevenson, the defendant in error, to recover $40,050 for unpaid subscriptions to stock of the insolvent corporation. At the close of the trial before a jury, the court below instructed them to return a verdict in favor of the defendant, and it is to reverse the judgment rendered upon this verdict that this writ of error was sued out. The facts disclosed at the trial were these: On August 15, 1888, certain persons became incorporated under the general laws of the state of Texas as the Laredo Improvement Company, with a capital stock of $100,000. On March 26, 1889, the Laredo Improvement Company amended its articles of incorporation, and, by such amendments, ostensibly increased its capital stock to $1,200,000. After more than $600,000 of this stock, at its par value, had been subscribed and issued, the defendant Stevenson subscribed for $44,500 of said stock, at its par value. The defendant was elected a director of the company August 24, 1889, and on May 20, 1890, he voted the shares of stock for which he subscribed. The action was brought to recover the unpaid subscriptions for this stock. The corporation became insolvent January 1, 1891; and in proceedings in the district court of Webb county, Tex., prosecuted by a creditor of the corporation, a receiver was duly appointed, and upon proper notice an order or decree was made adjudging that all the unpaid subscriptions were required to pay the debts of the corporation, and directing the receiver to collect them of the stockholders by suit or otherwise. In the proceedings in the district court of Webb county an order to show cause why the amount of his liability as a stockholder should not be fixed, and why the receiver of the corporation should not be directed to institute suit thereon, was issued, and was personally served upon the defendant at the city of St. Louis, in the state of Missouri, before the order was made adjudging the amount of liability upon this stock, and directing suit to be brought for the enforcement of this liability. In 1871 the legislature of the state of Texas passed a general act relating to private corporations, which contained the following provision, which is now article 576, c. 3, tit. 20, 1 Sayles' Civ. St.: "Any corporation may increase its capital stock to any amount not exceeding double the amount of its authorized capital, by a vote of the stockholders, in conformity with the by-laws thereof." Laws Tex. 1871, p. 66. In 1874 the legislature of Texas reenacted this act, with some amendments. The following provisions of articles 571 and 573 of the Revised Statutes of Texas were incorporated as amendments to section 10 of the original act: "Art. 571. Any private corporation heretofore organized or incorporated, or which may hereafter be organized or incorporated, for any of the purposes mentioned in this chapter, may amend or change its charter or act of incorporation by filing, authenticated in the manner required by this chapter as to an original charter of incorporation, such amendments or changes with the secretary of state." "Art. 573. No amendments or changes violative of the constitution or laws of this state or any of the provisions of this title shall be of any force or effect." Laws Tex. 1874, p. 122; Sayles' Civ. St. tit. 20, c. 2.

The court below instructed the jury that the stock alleged to be owned by the defendant was issued by the corporation without authority to issue it, under the laws of the state of Texas, and that for that reason there could be no recovery in the action.

Edward C. Kehr (Eugene C. Tittman and George E. Mann, on the brief), for plaintiff in error.

Lyne S. Metcalfe, Jr., and Chester H. Krum, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Counsel for plaintiff in error argue that the ruling of the court below was erroneous on three grounds, viz.: (1) Because the limitation of their power to increase their capital stock imposed upon corporations by article 576, supra, was removed by the provisions of article 573, supra, which allows corporations to amend their articles without restriction; (2) because the defendant is estopped by voting his stock, and by the representations of the officers of the company that the capital had been increased to $1,200,000, from now asserting, against creditors of the corporation, that his stock was not legally issued; and (3) because his ownership of the stock, and liability thereon, were adjudicated by the district court of Webb county, Tex., after the service of the order to show cause upon him in Missouri, and he is bound by that judgment.

Corporations created under statutory authority are the mere creatures of the statute. Their powers are measured by the statute under which they have their existence. Beyond the limits of the powers there granted, and those fairly incidental thereto, they can neither act nor agree to act. Corporations thus created have no implied power to change the amount of capital prescribed in their charters, and all attempts to do so, not expressly authorized by the statutes under which they exist, are void. Scovill v. Thayer, 105 U. S. 143, 148; Mechanics' Bank v. New York & N. H. R. Co., 13 N. Y. 599; Railroad Co. v. Schuyler, 34 N. Y. 30; Railway Co. v. Allerton, 18 Wall. 233; Stace and Worth's Case, 4 Ch. App. 682, note; Omaha Bridge Cases, 10 U. S. App. 98, 174, 2 C. C. A. 174, 51 Fed. 309.

This brings us to the consideration of the question whether or not the limitation of the power to increase their stock imposed upon corporations by article 576 was removed by the provisions of article 573, which allows them to amend their articles generally. We are, however, spared the examination of this question. Its determination rests entirely upon the construction of the statutes of Texas, and since the trial of this case the supreme court of that state has decided it. In Kampmann v. Tarver (Tex. Sup.) 29 S. W. 768,—a case involving the validity of the increase of capital stock made by this very corporation,—the supreme court of Texas held, in an opinion delivered February 7, 1895, that the limitation imposed by article 576 was still in force, that no corporation created under the amended act of 1874 could lawfully increase its capital stock beyond double its original amount, and that all stock issued in excess of that limit was void. This decision concludes the discussion of this question. The national courts uniformly follow

the construction of the constitution and statutes of a state given by its highest judicial tribunal, in all cases that involve no question of general or commercial law, and no question of right under the constitution and laws of the nation. Dempsey v. Township of Oswego, 4 U. S. App. 416, 435, 2 C. C. A. 110, 51 Fed. 97; Rugan v. Sabin, 10 U. S. App. 519, 3 C. C. A. 578, 53 Fed. 415, 420; Travelers' Ins. Co. v. Township of Oswego, 7 C. C. A. 669, 674, 59 Fed. 58; Madden v. Lancaster Co., 12 C. C. A. 566, 65 Fed. 188, 192; Claiborne Co. v. Brooks, 111 U. S. 400, 410, 4 Sup. Ct. 489; Bolles v. Brimfield, 120 U. S. 759, 763, 7 Sup. Ct. 736; Detroit v. Osborne, 135 U. S. 492, 499, 10 Sup. Ct. 1012. Some of the reasons for this rule are stated in Madden v. Lancaster Co., 12 C. C. A. 566, 65 Fed. 193, and it is unnecessary to repeat them here. Our conclusion is that this corporation had no power to increase its capital stock to more than double its original amount, and that all stock issued in excess of that amount, including that issued to the defendant Stevenson, was absolutely void.

Is the defendant estopped by the fact that he once voted his stock, and that the officers of the corporation represented that its capital had been increased to $1,200,000, from asserting, against the creditors of the corporation, that the stock issued to him was void? This question must be answered in the negative. Where a corporation has power to issue stock or to increase its capital stock, and this power is defectively or informally exercised, the acts and acquiescence of the stockholder may estop him from denying the validity of the stock or his liability therefor. Upton v. Tribilcock, 91 U. S. 45; Chubb v. Upton, 95 U. S. 665; Pullman v. Upton, 96 U. S. 328; Handley v. Stutz, 139 U. S. 417, 425, 11 Sup. Ct. 530; Veeder v. Mudgett, 95 N. Y. 295, 310. But where the corporation is absolutely without power to issue the stock, or to increase the capital stock above a certain limit, no act or consent of the stockholder who receives stock issued without authority can estop him from denying the validity of the stock, or his liability therefor. The holder of such stock is under no obligation to pay for it, because he has received no consideration for such an obligation. The stock issued to him is absolutely void. He is not estopped to deny its validity, as against a creditor of the corporation, for the foundation of estoppel is deceit, and the creditor cannot be deceived as to the power of a corporation to issue such stock. He is bound to examine and know the law which limits the powers of the corporation with which he deals, and, whether he examines it or not, he is charged by the law with the knowledge of it. Scovill v. Thayer, 105 U. S. 143, 149; American Tube Works v. Boston Mach. Co., 139 Mass. 5, 29 N. E. 63; Reed v. Machine Co., 141 Mass. 454, 5 N. E. 852; Lathrop v. Kneeland, 46 Barb. 432; Merrill v. Gamble, 46 Iowa, 615; Merrill v. Reaver, 50 Iowa, 404; Clark v. Turner, 73 Ga. 1; Lincoln v. Express Co. (La.) 12 South. 937.

Nor is the defendant estopped to deny his liability to pay for this void stock because, in proceedings against the insolvent corporation in the district court of Webb county, Tex., that court adjudged that it was necessary to collect all the unpaid subscriptions to this

stock, in order to pay the debts of the corporation, and directed the receiver to proceed, by suit or otherwise, to accomplish this end, after an order to show cause why such a judgment should not be rendered had been served on the defendant in Missouri. There are two sufficient reasons why no such estoppel arises in this case. One is that no process, summons, or notice was served on the defendant in the state of Texas, and his personal liability could not be established without such service. In Pennoyer v. Neff, 95 U. S. 714, 727, Mr. Justice Field, speaking of a defendant, declared, as the opinion of the supreme court, that "process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability." The other reason is that the district court of Webb county expressly adjudged, in the decree it rendered, that this defendant should not be so estopped. That decree contains the following provision: "Nothing herein shall be construed as stopping any person named herein from denying liability as a stockholder." The judgment below must be affirmed, with costs, and it is so ordered.