Hon. ASA O. ALDIS,
Hon. JOHN PIERPOINT,
Hon. JAMES BARRETT,
Hon. ASAHEL PECK, } Assistant Judges.

---

## T. W. PARK v. THOMAS McDANIELS.

*Promissory Note. Trover. Pleading. Damages.*

The plaintiff gave the note in question for accommodation to the defendant, who was to pay and take care of it, and save the defendant from liability upon it. The defendant paid and took up the note after having used it for the purpose designed, and then claimed to hold it as a valid instrument still in force against the plaintiff, and refused to give it up on demand. *Held*, that in the character thus assumed for the note by the defendant, the plaintiff had a right to it and might maintain trover for it.

The defendant could not, by giving up the note after this suit had been brought, defeat rights and avoid liabilities which existed at the time of bringing the suit.

The plaintiff might also recover in the same action, under special averments, for the actual damages which he sustained as a result of the defendant's conduct,

Park *v.* McDaniels.

(exclusive of the expenses of this suit, beyond the taxable costs, which could not be embraced as such damages and recovered in this action;) and in the absence of such averments, the case having been referred, it is held that said damages may be allowed the same as though a special count in case had been inserted in, or added by amendment to, the declaration.

TROVER for a promissory note. The case was referred and the referee reported that on the 29th day of January, 1852, the plaintiff executed to the defendant a promissory note for the sum of $2000., payable to the order of the defendant, at the Adams Bank, three months after date. The note was given for the sole accommodation of the defendant, and to be paid and taken care of by the defendant. The note was discounted by the bank for the defendant, and was afterwards paid and taken care of by him ; but of this, the plaintiff had no knowledge. Sometime in the fall of 1859 the defendant claimed of the plaintiff that the plaintiff was indebted to him upon the note for its amount and that he then held the note against the plaintiff. On the 12th day of November, 1859, the plaintiff demanded the note of the defendant, but the defendant insisted upon the plaintiff's indebtedness thereon to him, and refused to deliver up the note. On the hearing before the referee the defendant produced and delivered up the note to the plaintiff. The plaintiff upon bringing this action, he then residing in California, employed two attorneys as counsel in this case, who ever since have been in the case, and upon the hearing claimed to recover in addition to damages for not delivering up the note, the counsel fees in this case. The referee submitted to the court the question—1st, whether the plaintiff upon the foregoing facts, is entitled to recover. 2d, If entitled to recover of the defendant, whether counsel fees can form any part of the damages.

The referee reported that the plaintiff sustained an actual damage of ten dollars in ascertaining the character of the defendant's claim upon him and in demanding the note in the fall of 1859 before this suit was brought.

If the plaintiff is entitled to recover of the defendant for not delivering up the note, then inasmuch as it was delivered up to the plaintiff on the hearing the referee only finds for the plaintiff to recover for that, the sum of ten dollars, but if counsel fees in the cause can be regarded as damages, then he finds therefor the addi-

tional sum in damages, for the plaintiff to recover, of one hundred dollars.

The defendant excepted to the report of the referee, because :— *First*, The plaintiff is not entitled to recover anything whatever. *Second*, If entitled to recover, the recovery should be restricted to nominal damages merely. *Third*, The plaintiff is not entitled to recover as damages, counsel fees in this suit.

The court at the June Term, 1864, KELLOGG, J., presiding, decided, *pro forma*, that upon the report of the referee and the exceptions thereto, the plaintiff was entitled to recover for the largest sum reported by the referee, and rendered judgment accordingly,— to which decision and judgment the defendant excepted.

*G. W. Harmon*, for the defendant, maintained that the defendant's conduct in claiming that the plaintiff owed the note affords no ground for maintaining *trover*. The remedy, if any, in such case, is *case*, or by a resort to *equity*. *Todd* v. *Crookshanks*, 3 Johns. 632 ; *Murray* v. *Burling*, 10 Johns. 172 ; *Buck* v. *Kent*, 3 Vt. 99 ; *Pierce* v. *Gilson*, 9 Vt. 216 ; *Decker* v. *Matthews*, 12 N. Y. 313. The utmost that the plaintiff can recover, is nominal damages. *R. & W. R. R. Co.* v. *Bank of Middlebury*, 32 Vt. 639. Counsel fees in this suit cannot be recovered. S. C., 32 Vt. 639.

————, for the plaintiff.

BARRETT, J. This is in form, an action of trover. The case was referred under a rule of court, and the referee has reported all the facts. It is well settled, that if the report shows a case upon which the plaintiff has a right of recovery under any amendment of the declaration that might lawfully be made, the court will render such a judgment as, under a proper declaration, the plaintiff would, be entitled to. It is plain, in this case, that it would have been lawful to permit an amendment, by adding a count in case, setting forth the special facts, embracing as the *gravamen* the wrongful conduct of the defendant in setting up the note as valid, constituting a debt owing by the plaintiff to himself, and thus putting the plaintiff in peril, and rendering it necessary for him to take measures to protect himself, and therein incurring expense.

We make these remarks in view of an aspect of the case which will be mentioned hereafter.

Park *v.* McDaniels.

If this note had been given by the plaintiff to the defendant as evidence of a debt due to the defendant, and the plaintiff had paid the same, the plaintiff would have been entitled to it as his own property; and a refusal to deliver it to him on reasonable demand, and under proper circumstances, would have given a right of action in trover. But such was not this case. The plaintiff had given the note for accommodation to the defendant, who was to pay and take care of it, and save the plaintiff from liability upon it. The defendant had paid and taken it up, after having used it for the purpose designed. The plaintiff was *then* under no further liability. The note was *functus officio.* If the plaintiff had then had some proper instrument from the defendant conclusively operating to show that the note had become invalid as against the plaintiff, he would have had no interest in the note, and it might be said he had no property in it. It would seem that the only right the plaintiff had in respect to the note after it had been paid, was, to have his name stricken out, or an endorsement made upon it showing that its validity was at an end. If either of these things had been done, it is difficult to see why the defendant might not properly have retained the note, or on what ground the plaintiff could have insisted that the note was his as a piece of property. If the plaintiff can be said to have any right in the note as property, it is because the defendant set it up and claimed to hold it as a valid instrument still in force against the plaintiff. In the character thus assumed for it, the defendant had no right to it, and the plaintiff had.

It was not permissible for the defendant to repudiate such character, thus given by him to the note, after this suit had been brought, and thereby defeat rights and avoid liabilities which existed at the time of bringing the suit. At that time, in the character given to the note by the defendant, the plaintiff was entitled to it, and the defendant refused to give it up on demand, and his insisting on having it paid to him by the plaintiff constituted a conversion, for which trover might be maintained; and, if only the question of nominal damages was involved, we should have no difficulty with the case under the declaration in trover. But the referee has found that the plaintiff has sustained ten dollars actual damages, as the result of the defendant's conduct, but this does not enter into, or constitute the

value of the note as a piece of property. The general rule is, that the measure of *actual* damage in trover, is the value of the property, or the extent of injury done to it. Damage outside of this ordinarily can only be recovered by special action on the case, or by special averments in the declaration. For the purpose of avoiding embarrassment in this aspect of the case, we are led to put it upon the same ground as if a special count in case had been inserted in, or added by amendment to, the declaration. Under such a count we have no doubt of the plaintiff's right to recover the actual damage caused to him by the defendant's wrongful conduct in respect to the note.

The expenses of this suit, beyond the taxable costs, cannot be embraced as such damage. They are not of that character of special damage resulting as a consequence of the defendant's wrongful act, as to constitute a ground of recovery in the action itself.

Judgment is reversed, and judgment rendered for the plaintiff for ten dollars damages, and his costs in the county court.