## STEWART v. MARTIN.

### *Trover.*

In trover for a promissory note, plaintiff's evidence tended to show that he exchanged a horse with defendant for a pair of stags, the horse then being subject to a lien in favor of a former owner, of which plaintiff was then ignorant; that soon after the exchange, defendant, having heard of the lien, inquired of plaintiff about it, whereupon plaintiff gave him his note for ninety-five dollars, payable in three months, secured by a lien upon the stags, to be held as security against the lien upon the horse, defendant expressly agreeing to return the note upon plaintiff's procuring the lien upon the horse to be discharged, and paying him five dollars for his trouble; that plaintiff soon procured a discharge of the lien upon the horse, and offered it, with five dollars, to defendant, and demanded his note, which defendant refused to surrender. *Held*, that evidence of the condition upon and purpose for which defendant took the note was admissible; and that, as upon the evidence the note was bailed for a special purpose which had been accomplished, and as trover would lie therefor, it was error to direct a verdict for defendant.

TROVER for a promissory note. Plea, the general issue, and trial by jury, September Term, 1875, PIERPOINT, C. J., presiding.

All material facts in the case appear in the opinion, except that it appeared from the plaintiff's testimony, that when the note in question was given, the defendant expressly agreed to surrender it to the plaintiff when the plaintiff had procured the lien on the horse to be discharged, and had paid the defendant five dollars for his trouble.

· The court, after hearing all the evidence, directed a verdict for the defendant; to which the plaintiff excepted.

*Henry Ballard* ( *Charles Soule* and *S. Haselton* with him), for the plaintiff, cited *Sanders* v. *Howe*, 1 D. Chip. 363 ; *Follett* v. *Steele*, 16 Vt. 30 ; *White* v. *Miller*, 22 Vt. 380 ; *Thayer* v. *Viles*, ·23 Vt. 494; *Dickinson* v. *King*, 28 Vt. 378; *Collamer* v. *Langdon*, 29 Vt. 32 ; *Cabot* v.· *Christie*, 42 Vt. 121 ; *Adams* v. *Fullam*, 43 Vt. 592 ; *White* v. *Ward*, 9 Johns. 232 ; *Mallory* v. *Leach*, 35 Vt. 156 ; *Dobell* v. *Stevens*, 3 B. & C. 623 ; Chit. Cont. 748, *et seq.;* Kerr Fraud, 388.

*E. R. Hard*, for the defendant, cited *Bradley* v. *Bentley*, 8 Vt. 243 ; *Isaacs* v. *Elkins*, 11 Vt. 679 ; *Nye* v. *Merriam*, 35 Vt. 438 ; *Morse* v. *Richmond*, 42 Vt. 539 ; *Drury* v. *Parker*, 52 N. Y. 494 ; *Pasley* v. *Freeman*, 3 T. R. 51.

The opinion of the court was delivered by

Ross, J. The court, after the plaintiff's evidence was received subject to the objection of the defendant, directed the jury to return a verdict for the defendant. To this, the plaintiff excepted. The County Court erred in thus directing the jury to return a verdict, if the evidence introduced by the plaintiff tended to establish a right of action in his favor. The plaintiff had the right to have the jury pass upon the sufficiency of the evidence, if it tended to establish his right to recover. The plaintiff's evidence tended to show that he exchanged a horse for a pair of stags with the defendant—that he had had the horse but a short time, and was ignorant that any one had a lien or claim upon the

horse ;—that in a few days after the exchange, the defendant came to him and claimed one Wescott had a lien on the horse, and was about to take it away, and demanded security against the lien ; that he thereupon gave the defendant his note for $95, payable in three months, and secured by a lien on the stags, to hold as security against Wescott's lien on the horse, and also for the payment of $5 for the defendant's trouble about the matter ; and that soon after, he discharged Wescott's lien on the horse, tendered the discharged lien and the $5 in payment for his trouble, to the defendant, and demanded the surrender of his note, and that the defendant refused to surrender the note.    This evidence was not offered to vary or contradict the terms of the note, but to how that it was delivered for a specific purpose, and conditionally, and with no right in the defendant to hold it, only until that specific purpose was accomplished—that the purpose of its delivery had been fulfilled, and that the plaintiff had the right to have it returned to him.    The maker or owner of a promissory note may always show the terms and conditions on which it was delivered, and that the payee or holder had no right to hold it except for the accomplishment of a particular purpose.    If this evidence gained credence with the jury, the defendant had no right to hold the note after the tender of the discharged lien and the $5, and the demand for its return.    If the plaintiff was entitled to have had the note returned to him, can he maintain the action of trover for it ?    The defendant did not say that he should hold the note as a valid note against the plaintiff, but refused to return it to him, and said he guessed he would not take any money on it until it was due.    If he had claimed to hold it as evidencing a valid debt against the plaintiff, the case of *Park* v. *McDaniels*, 37 Vt. 594, which is similar to the case at bar in many of its features, and shows that the evidence was admissible to show the purpose for which it was delivered, and that the delivery was not absolute,—is an authority for maintaining the action of trover by the plaintiff.    We think, if the defendant did not claim to hold it as evidencing an indebtedness for so much money due from the plaintiff to him, but, after the purpose for hich it had been delivered to him had been fully accomplished,

refused to deliver it back to the plaintiff, this action can be maintained for the note. The note, before delivery to the defendant, was the property of the plaintiff. Its intrinsic value may have been very small, except as the evidence of a debt, yet, it was the property of the plaintiff as much as his horse or cow. If he had delivered to the defendant either of the latter for a particular purpose, and that purpose had been fully accomplished, and the return of the property demanded and refused by the defendant, no one would claim that the plaintiff could not maintain trover to recover the value of the horse or cow. The note evidenced, *prima facie*, an indebtedness against the plaintiff, and was current, and might have been passed to a *bona-fide* purchaser, in which case the plaintiff could not avoid its payment. If the plaintiff and defendant should both decease, the note, found among the defendant's papers, unexplained, would, *prima facie*, evidence an indebtedness for its amount against the plaintiff's estate. The question of the rule of damages applicable to the case was not reached by the County Court, and is not for consideration in this court. If the plaintiff's evidence was believed, the note, like any other species of property belonging to the plaintiff, was delivered or bailed to the defendant for a special purpose that was fully accomplished, and the defendant refused to return it on demand. He thereby subjected himself to an action of trover for the conversion of the note. For these reasons, we think the County County erred in taking the case from the jury and directing a verdict for the defendant.

Judgment reversed, and cause remanded.