GEORGE BRUSH, Appellant, *v.* JOSEPH B. BARRETT, Respondent.

Where the drawer of a check has no funds at the time in the bank to meet it, the check is due immediately without presentment and demand, and the statute of limitations begins to run from its date.

Where, therefore, the holder of the check delays for six years to enforce his claim it is barred by the statute.

(Argued September 30, 1880 ; decided November 9, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, which affirmed an order of Special Term, setting aside a verdict in favor of plaintiff, and granting a new trial.

This action was brought upon a check drawn by defendant, dated April 1, 1865. The defense was the statute of limitations. The check was not presented to the bank for payment until April 1, 1875, when payment was demanded and refused. At the time the check was drawn, and for more than six years thereafter, defendant had no funds in the bank with which to meet it.

*Myron H. Peck* for appellant. The plaintiff's action was well brought and the statute of limitations was no defense thereto. (*Cruger* v. *Armstrong*, 3 Johns. Cases, 5; *S. C.*, Ct. Errors, 7 Hill, 425; *Murray* v. *Judah*, 6 Cow. 484; *Harker* v. *Anderson*, 21 Wend. 372; *Judd* v. *Smith*, 3 Hun, 190; *Conkling* v. *Gandall*, 1 Keyes, 228; Edwards on Bills and Notes, 396, 398; Story on Prom. Notes, 342, 497; *Payne* v. *Gardner*, 27 N. Y. 146; *Pardee* v. *Fish*, 60 id. 265; *Howell* v. *Adams*, 68 id. 314; *Cowing* v. *Altman*, 67 id. 440; *Walden* v. *Crafts*, 2 Abb. 301; *Baird* v. *Walker*, 12 Barb. 298.) It is well settled-law, that no delay on the part of the holder in making presentment to the drawee will discharge the drawer of a check or impair his liability as such, unless he is in fact damnified thereby. (Daniels on Negotiable Instruments, § 1589; *Little* v. *Phœnix Bank*, 2 Hill, 425; *Mohawk Bank* v. *Brodwick*, 10 Wend. 306; *Elting* v. *Brinkerhoff*, 2 Hall, 463; *Purchase* v. *Mattison*, 6 Duer, 589; *White* v. *Canal Bank*, 8 N. Y. 170; 3 Kent's Com. 104, n. 2; 1 Wait's Actions and Defenses, 505.) The creditor must not intentionally postpone the demand, and thereby delay perfecting his cause of action, he having at his command the ability and means, for promptly perfecting and enforcing the same. (*Stafford* v. *Richardson*, 15 Wend. 302; *Lyle* v. *Murray*, 4 Sandf. 590; 36 Mich. 487; *White* v. *Sutherland*, 2 Alb. L. J. 50, 51, 43 N. Y. 171.)

*L. N. Bangs* for respondent. The check was due at its giving, and the statute commenced to run from its date. (*Salter* v. *Burt*, 20 Wend. 205; *Smith* v. *Miller*, 43 N. Y. 171–175;

*Mullick* v. *Radakissen*, 29 Eng. L. & E. R. 86–94; 4 Mason, 336–345; *Palmer* v. *Palmer*, 36 Mich. 487; *Laws* v. *Rand*, 3 Scott's New Rep. 442; *Wooden* v. *Frazer*, N. Y. Sup. Ct. R. 190, 195; 2 Dan. on Negot. Instr. 548, § 1632; Morse on Banks and Banking, 263; *Hirst* v. *Brooks*, 50 Barb. 334–337; *Herrick* v. *Wolverton*, 41 N. Y. 596.) As the drawer had no funds in bank at the giving of the check and for more than six years thereafter, no presentment and notice was necessary. (Edw. on Bills [1st ed.] 397; *Mohawk Bank* v. *Roderick*, 10 Wend. 304; *Franklin* v. *Vanderpoel*, 1 Hall, 78; *Fitch* v. *Redding*, 4 Sandf. 130; *Coyle* v. *Smith*, 1 E. D. Smith's Com. Pl. 400; *Reddington* v. *Gilman*, 1 Bosw. 235–241; *Johnson* v. *Bank of North America*, 5 Roberts, 554–595; *Hoyt* v. *Seeley*, 18 Conn. 353; *Emery* v. *Hobson*, 63 Me. 32.) So far as the thing out of which the action arose is concerned, or the damages connected therewith, they are precisely alike, and the statute runs, therefore, against all forms of action growing out of the check. (*Wilkinson* v. *Veritz*, 6 Eng. L. R., Com. Pl. 206–209; *Whitehead* v. *Walker*, 9 Mees. & Wels. 506–513; *The East India Co.* v. *Paul*, 1 Eng. L. & E. R. 44–49; *Beltrey* v. *Faulkner*, 3 Barn. & Ald. 288–292; *Short* v. *McCarthy*, 3 id. 626; *Whitehouse* v. *Fellows*, 100 Eng. Com. Law Rep. 765; *Harthrop* v. *Hill*, 57 N. Y. 351.) The time when an action may be brought does not always determine the running of the statute of limitations. (*Lyle* v. *Murray*, 4 Sandf. 594; *Stafford* v. *Richardson*, 15 Wend. 302, 306; *Webster* v. *Kirk*, 9 Eng. L. & E. R. 408; *White* v. *Southland*, 2 Alb. L. J. 50–51; *Hopkinson* v. *Foster*, 19 Eq. Cases [Eng. Law Rep.] 74–76; *Marzetti* v. *Williams*, 1 Barn. & A. 415; 2 Dan. on Neg. Instr. 585, § 1632; Morse on Banks and Banking, 263; *Lancaster Bank* v. *Woodward*, 18 Penn. St. 357.) Where delay is had beyond a reasonable time in presenting a check, the law presumes injury to the drawer, and the holder must countervail this presumption by proof, or the drawer will be entitled to judgment. (*Little* v. *Phœnix Bank*, 2 Hill, 425; *Commercial Bank of Albany* v. *Hughes*, 17 Wend. 94–101.)

MILLER, J.   This case involves the question whether the
statute of limitations is a defense to a check which, for some
unexplained reason, has not been presented for payment and
payment demanded and refused until ten years after its date.
Upon the trial evidence was introduced tending to show that
the defendant, the maker, had no funds on deposit in the bank
subject to the payment of the check at the time of its date, or
at any other time during the period of six years thereafter.
At the close of the testimony upon the trial a nonsuit was asked,
upon the ground, among others, that there being no funds, the
check was due at the time it was delivered and the statute of
limitations had run against it, which was refused and an excep-
tion taken by the defendant to the ruling.   The court was
also requested to charge the jury that there being no funds the
right of action accrued at once, without presentation or notice
of non-payment, and the action was barred by the statute of
limitations.   This also was refused and the defendant duly
excepted.

If the evidence established that there were no funds in the
bank to meet the check when it was drawn, the check was due
immediately and the judge was wrong in his refusal to charge
the jury as requested.   The rule is well established that if the
drawer has no funds in the hands of the drawee, an action can
be maintained against the former without any presentment or
notice of non-payment.   (*Mohawk Bank* v. *Broderick*, 10
Wend. 304; *Fitch* v. *Redding*, 4 Sandf. 130; *Healy* v. *Gilman*,
1 Bosw. 235; *Johnson* v. *Bank of North America*, 5 Robt.
554.)   As the cause of action was complete when the check
was made, and the plaintiff could allege a want of funds as an
excuse for non-presentment of the check, and no presentment
was required, it is very clear that the statute began to run from
its date.

It is insisted that the want of funds in the bank is the result
of the fraudulent act of the drawer, which operates as a waiver
of presentment, and the defendant is estopped from alleging
any such fact, and that it is no defense to an action upon the
check.   We are unable to see upon what ground the doctrine

of estoppel can be invoked under the circumstances, and the position taken cannot be upheld. The want of funds is an established fact in the case, which affects the liability of the drawer and relieves the holder from the obligation ordinarily incurred to present the check. It renders it due without presentment and demand; and being due, no reason exists why this fact is not available to the drawer as well as the holder. While the drawer fails to provide funds, the holder neglects to present the check; and both parties are thus in fault. The holder may avail himself of the maker's default by bringing a suit immediately without any demand, and if he delays to enforce his claim by action within six years, the drawer may plead the statute of limitations as a bar. If the check is due, so that the holder can collect it without delay, it is due as to both the parties, and each is entitled to the benefit arising from the facts actually existing. The breach of the contract is the cause of action, and the statute begins to run from the time of such breach, even if there is fraud on the part of the defendant. (*The East India Co.* v. *Paul,* 1 Eng. L. & Eq. 44, 49; *Battley* v. *Faulkner,* 3 Barn. & Ald. 288; *Whitehouse* v. *Fellowes,* 100 Eng. Com. Law, 765; *Wilkinson* v. *Verity,* 6 Eng. L. R. Com. Pl. 206, 209.) It may also be remarked that the action to recover the amount of the check on the ground of a want of funds rests on contract, and the same measure of damages is recoverable as if the check had been presented for payment and was not paid. The cause of action is the same in each case, and the statute runs equally against any form of action arising from the non-payment of the check.

As the order granting a new trial must be upheld upon the ground already discussed, it is not necessary to consider the question whether the statute of limitations runs against the check from the day of its date without regard to the want of funds, and without any presentment and demand of payment.

The order should be affirmed and judgment absolute ordered for the defendant upon the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.