NORTHAMPTON NATIONAL BANK *vs.* CHARLES J. SMITH.

Hampshire.   September 21, 1897. — October 20, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Action — Payment of Check by Mistake — Tender.*

Where a bank pays money by mistake to the payee of a check which the bank has been instructed by the drawer not to pay, and there is no suggestion that the check was given to the payee as a gratuity or merely for his accommodation, the bank must first tender the check to the payee before bringing an action to recover the money so paid.

CONTRACT, for money had and received by the defendant to the plaintiff's use. The case was submitted to the Superior Court, and, after judgment for the defendant by *Maynard*, J., to this court, on appeal, upon agreed facts, in substance as follows.

The check in question was given by one Hebert, on March 28, 1896, and was dated the same day. Notice was given by Hebert through an agent to the plaintiff bank on March 30, 1896, before nine A. M., not to pay the check. On March 30, upon the opening of the bank the check was presented for payment by one Orcutt, and payment was refused. Nothing further was heard of the check by the plaintiff until April 27, 1896, when it was presented by the defendant, and was paid by the teller in entire forgetfulness of the fact that payment of the same had ever been stopped. On or about May 1, 1896, Hebert having discovered when his bank-book was balanced that the check had been paid, at once notified the bank that it had been paid against his orders, and refused to have it charged to his account. Immediately thereafter the plaintiff gave notice to the defendant that the check had been paid by mistake, and requested the defendant to refund the amount of the same to the plaintiff, which the defendant refused to do. This order or request was never rescinded; and except for such forgetfulness on the part of the teller the check would not have been paid. There was no concealment or misrepresentation in obtaining the money on the part of the defendant.

The check was never tendered until tendered in court on November 12, 1896. The writ was dated May 26, 1896.

*C. N. Clark*, for the plaintiff.

*A. E. Addis*, for the defendant.

ALLEN, J. This action is brought to recover money paid by mistake by the plaintiff to the defendant, upon a check which the plaintiff had been instructed by the drawer not to pay. The statement of facts is imperfect, but it is said in the plaintiff's brief that the check was drawn upon the plaintiff by one Hebert in favor of the defendant, and given by him to the defendant. There is no suggestion that it was so given as a gratuity or merely for the defendant's accommodation, and we assume that it was not so given. Payment had once been demanded and refused, but on a second presentation of the check several weeks later it was paid through inadvertence. The plaintiff demanded a return of the money without tendering the check to the defendant, and there was no such tender until the day of the trial. The only question which has been presented to us is whether it

was necessary to tender the check before bringing the action; and we think it was.

It has often been held that, when one wishes to rescind a contract and recover what he has paid under it, he must first restore whatever of value he has received. *Snow* v. *Alley*, 144 Mass. 546, 551. *Bartlett* v. *Drake*, 100 Mass. 174, 176. The reasons for this rule are fully applicable to the present case. The check, if unpaid, belonged to the defendant, and would be useful and valuable to him to be used in connection with his own testimony in establishing a claim against Hebert. It has been held that anything absolutely worthless, like a counterfeit bill, need not be returned. *Brewster* v. *Burnett*, 125 Mass. 68. *Kent* v. *Bornstein*, 12 Allen, 342. *Snow* v. *Alley*, 144 Mass. 546, 551. *Reed* v. *Boston Machine Co.* 141 Mass. 454. But the check in the present case was not of that character. If upon its presentation payment had been refused, the plaintiff would have had no right to retain possession of it, and such retention against the defendant's will would have been a conversion. And if, after a payment had been made through inadvertence or mistake, the plaintiff sought to enforce a return of the money, it was its duty first to tender the check to the defendant. It would be of use to him, and he was entitled to have it before returning the money. The case of *Evans* v. *Gale*, 21 N. H. 240, is much in point; and the doctrine of this decision was affirmed in *Cook* v. *Gilman*, 34 N. H. 556. The same doctrine is implied in *Coolidge* v. *Brigham*, 1 Met. 547, 550; *Merchants' National Bank* v. *National Eagle Bank*, 101 Mass. 281, 285; *Estabrook* v. *Swett*, 116 Mass. 303; and *Bassett* v. *Brown*, 105 Mass. 551, 558. See also *Otisfield* v. *Mayberry*, 63 Maine, 197; *Park* v. *McDaniels*, 37 Vt. 594.

Upon the agreed statement of facts, the entry must be,

*Judgment for the defendant.*