Parker, Ch. J., O'Brien, Bartlett, Vann, Cullen and Werner, JJ., concur.

Judgment of conviction reversed and new trial ordered.

Mount Morris Bank, Respondent, *v.* Twenty-third Ward Bank, Appellant.

1. Banking — Construction of Rules of New York Clearing House Concerning Repayment of Commercial Paper Returned as "Not Good." The provision of the constitution of the New York Clearing House, that "All checks, drafts, notes or items in the exchanges returned as ' not good,' or missent, shall be returned the same day directly to the bank from which they were received, and the said bank shall immediately refund, to the bank returning the same, the amount which it had received through the clearing house for the said checks, drafts, notes or items, so returned to it, in specie or legal tender notes," is not repealed or abrogated by a later provision, that, in case of the failure or inability of any bank to promptly refund to the bank holding paper returned as "not good," such bank may report to the manager of the clearing house the amount of the same, who shall thereafter, with the approval of the clearing house committee, readjust the clearing house statement and declare the correct balance between such banks, provided that such report be given to the manager before one o'clock of the same day; and the bank charged by the clearing house with the amount of the paper returned as "not good" is at liberty to let such charge stand against it in the account

of the clearing house and seek reclamation directly from the bank required to refund such amount under express contract of the latter imposed upon it by the rules of the clearing house.

2. Promissory Note — Erroneous Certification, of which Holder Is Immediately Notified — When Paid Through Clearing House, Amount Thereof May Be Recovered from Bank Receiving It. Where one bank, at the request of another, certified, through mistake, a note payable at it as good, but within a short time, and on the same day, discovered the error and notified the bank holding the note of such error and requested it to erase the certification, and the latter bank, notwithstanding such notice, sent the note, through its clearing bank and agent, to the clearing house by which it was charged to the account of the clearing bank and agent of the bank at which said note was payable, and on the same day the latter bank tendered a return of the note both to the bank which had sent the note to the clearing house and its clearing bank, and demanded repayment of the amount thereof, which was refused, such bank may maintain an action to recover such amount against the bank receiving the same from the clearing house, since it was not the duty of the plaintiff bank to have applied to the manager of the clearing house for a resettlement of the accounts, and its failure to do so did not operate to make the payment of the note voluntary.

*Mount Morris Bank* v. *Twenty-third Ward Bank,* 60 App. Div. 205, affirmed.

(Argued June 24, 1902; decided October 7, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 11, 1901, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George M. Mackellar* and *Clarence Lexow* for appellant. The constitution of the clearing house, to which neither the plaintiff nor the defendant was a party, is not binding upon the defendant. (Morse on Banks & Banking [3d ed.], §§ 350, 351; *People* v. *St. N. Bank,* 77 Hun, 159; *M. Bank* v. *Thompson,* 129 Mass. 438; *Overman* v. *H. Bank,* 31 N. J. L. 563; *S. Bank* v. *N. M. B. Assn.,* 7 Lans. 197.) No recovery can be had, because the payment of the note was voluntary and made by plaintiff with full knowledge of all the facts. (*Irving Bank* v. *Wetherald,* 36 N. Y. 335; 3 Am.

& Eng. Ency. of Law [1st ed.], 221; 2 Daniel on Neg. Inst. § 1608; *M. Nat. Bank* v. *N. E. Bank*, 101 Mass. 281; *G. Nat. Bank* v. *F. D. Bank*, 118 Penn. St. 294; *Crane* v. *F. S. Nat. Bank*, 173 Penn. St. 567; *E. Bank* v. *Bank of N. A.*, 132 Mass. 147; *Wyman* v. *Farnworth*, 3 Barb. 369; *Nat. L. Ins. Co.* v. *Jones*, 1 T. & C. 466; 59 N. Y. 649; *Flower* v. *Lance*, 59 N. Y. 603; *Wood* v. *Mayor*, 25 App. Div. 577; *Vanderbeek* v. *City of Rochester*, 122 N. Y. 285.)

*John A. Garver* for respondent. Money paid under a mistake of fact can be recovered. (*Bize* v. *Dickason*, 1 T. R. 285; *Rheel* v. *Hicks*, 25 N. Y. 289; *Nat. Bank* v. *Banking Assn.*, 55 N. Y. 211; *Mayor* v. *Mayor, etc.*, 63 N. Y. 455.) The same principle is applied to the certification, by mistake, of checks or notes. (Daniel on Neg. Inst. § 1608; Morse on Banking, § 419; *Cooke* v. *S. Nat. Bank*, 52 N. Y. 96; *I. Bank* v. *Wetherald*, 36 N. Y. 335; *N. P. Bank* v. *S., etc., Mfg. Co.*, 58 Hun, 81; *S. Nat. Bank* v. *W. Nat. Bank*, 51 Md. 128.) The payment of the note was not voluntary. (*O'Brien* v. *Grant*, 146 N. Y. 163.)

CULLEN, J.   The action is brought to recover money paid on a promissory note payable at the plaintiff's bank. When the note became due, at the request of the defendant, it was certified by the plaintiff. This was done through a mistake as to the condition of the maker's account with the bank. Within a very short time, on the same day, the plaintiff discovered the error and notified the defendant thereof, requesting it to erase the certification. Of this it is sufficient to say that the appellant concedes that the right of no party was affected by the certification, and that under the decision of this court in *Irving Bank* v. *Wetherald* (36 N. Y. 335) the plaintiff was not estopped from showing that it certified the check through mistake. The appellant makes no attack on the judgment based on such certification. Neither the plaintiff nor the defendant were directly members of the clearing house in the city of New York, but each cleared through another bank which was a member. The complaint alleges

that both the parties to the action were, under their respective agreements for clearing, bound by the rules of the clearing house, and this allegation is expressly admitted by the answer. Notwithstanding the notice it had received from the plaintiff, the defendant deposited the note in its clearing bank, and thereafter the same was paid through the clearing house. On the same day the plaintiff tendered a return of the note both to the defendant and its clearing bank and demanded repayment of its amount. This was refused, and thereupon the present action was brought.

While the appellant concedes that it acquired no right against the plaintiff by the certification of the note, it insists that the case is to be considered the same as if the note had not been certified nor notice given by the plaintiff that the maker's account was not good. It then contends that the payment was voluntary, not made under a mistake of fact, and that hence the plaintiff is precluded from recovering. Conceding the position of the defendant that the cause of action is not affected by its certification of the note, the plaintiff's right to recover depends on the rules of the clearing house which are found in the record. That association appears by its constitution to have adopted a very simple manner of settling the drafts, checks and other claims of its various members against the others. Each member, every morning, delivers to the clearing house the checks, drafts and notes it holds against the other banks and receives credit therefor, while it is charged with all checks, drafts or notes payable by it and deposited by other banks. If its deposits exceed the drafts and checks deposited against it, it receives from the clearing house during the day the amount of the excess in money, while if the reverse proves the case, it is obliged to pay the balance against it to the clearing house. In this daily settlement of the clearing house no account is taken of the fact that the checks may be bad. All checks, drafts or notes on any bank are charged against it, though the accounts of the drawers of those checks or the makers of the notes may not be good for their amounts, and even though

the checks be forgeries. By section 14 of the constitution it is provided that the association shall be no way responsible for such items, but that they are to be adjusted directly between the bank that deposited them in the clearing house and the bank on which they were drawn. Section 15 provides that " All checks, drafts, notes or other items in the exchanges returned as ' not good' or missent, shall be returned the same day directly to the bank from whom they were received, and the said bank shall immediately refund to the bank returning the same the amount which it had received through the clearing house for the said checks, drafts, notes or other items so returned to it in specie or legal tender notes." It will be seen that the system of clearances adopted by the association is very simple, and that it enables exchanges of the greatest magnitude to be effected in a remarkably brief period of time. This could be accomplished only by making the several banks return the bad checks or notes directly to the banks which deposited them and keeping the accounts of the clearing house free from all such items. The system had a weak feature; that is, the contingency that a bank depositing a bad check on another bank, possibly for a very large sum, might refuse or might fail and be unable to pay the amount of such check for which it had received credit in the clearing house. In such a case the bank on which the check was drawn would have been compelled to pay the amount of the check in money to the clearing house and thus have lost it either in whole or part. This danger, however, could not have been regarded as imminent, for the rules remained in the condition I have stated until 1884. In that year, whether because a case of the kind suggested actually arose or not does not appear in the record, a further rule was adopted as an addition to section 15 : " In case of the refusal or inability of any bank to promptly refund to the bank presenting such checks, drafts or other items, returned as not good, the bank holding them may report to the manager the amount of the same. And it shall be the manager's duty, with the approval of the Clearing House Committee, to take from the settling sheet of both banks the amount of such checks, drafts or other

item so reported, and to readjust the Clearing House statement and declare the correct balance in conformity with the change so made, provided that such report shall be given to the manager before one o'clock of the same day." The appellant contends that it was the duty of the plaintiff on finding the note in its exchanges of the day to have applied to the manager of the clearing house for a resettlement of the accounts, and that its failure to do so operated to make the payment of the note voluntary. We think not. The provision of the constitution last quoted did not repeal the previous provision of section 15, whereby the depositing bank is bound to repay in money any check or note returned the same day as not good. Nor was it intended to act as a substitute for that provision. It appears by the testimony of the manager of the clearing house that the number of checks and drafts cleared daily is from eighty to a hundred thousand. It is extremely improbable and bordering on the impossible that out of that vast number several should not prove bad. If these bad checks were to be always settled by a restatement of the clearing house accounts the simplicity and expedition of the clearing house system of exchanges would be very much impaired if not destroyed. It would seem from its very language, which requires the approval of the committee, that the amendment of 1884 was intended to apply only in exceptional cases where otherwise a bank would be unable to obtain relief, and that it did not in any respect abrogate the obligation of the depositing bank to repay a member any items of the exchanges which might be returned as not good. The plaintiff, therefore, was at entire liberty to let the charge for the note stand against it in the account of the clearing house and seek reclamation directly from the defendant under the express contract of the latter imposed upon it by the rules of the clearing house.

The judgment appealed from should be affirmed, with costs.

Parker, Ch. J., O'Brien, Bartlett, Martin, Vann and Werner, JJ., concur.

Judgment affirmed.