CITIZENS' CENTRAL NAT. BANK v. NEW AMSTERDAM NAT. BANK.

(Supreme Court, Trial Term, New York County. March 27, 1908.)

1. BANKS AND BANKING—CLEARING HOUSES—RULES—APPLICABILITY TO DEPOSITORS.

The rights of a depositor in a bank which is a member of a clearing house association are not affected by the rules of the association.

2. SAME—SETTLEMENTS AND TRANSACTIONS THROUGH CLEARING HOUSE—PAYMENT.

The payment by a bank through the clearing house of a check which overdraws the depositor's account cannot be treated as voluntary, with full knowledge of all the facts.

3. SAME—TIME LIMIT FOR RETURN OF CHECKS.

A rule of the New York Clearing House Association provides that checks paid through the clearing house and found not good shall be returned to the bank from which they were received before 3 o'clock of the same day. Held, that the rule fixes the time at which a member bank may assume that a check presented by it is good, in order that it may pay out the proceeds to the depositor, and does not restrict a bank, discovering that a check is not good, to the time limit fixed for returning it, where the situation of the parties has not in the meantime so changed as to cause loss to the bank to which the check is returned.

Action by the Citizens' Central National Bank against the New Amsterdam National Bank. Judgment for plaintiff.

Sherman & Sterling, for plaintiff.
Parker & Ahrens, for defendant.

PLATZEK, J.. The plaintiff and defendant banks are both members of the New York Clearing House Association. On December 6, 1907, the defendant presented for payment through the clearing house a check for· $2,000 drawn by Alfred Epstein on the plaintiff dated December 5, 1907, payable to the order of the Aster Company and indorsed by the Aster Company. This check was paid by the plaintiff in settling its balances with the clearing house in the usual course. On December 6, 1907, and for about a week theretofore and since, Alfred Epstein had on deposit with the plaintiff only $143.73. Between 5 and 12 minutes after 3 o'clock on December 6, 1907, the plaintiff returned this check to the defendant and demanded the repayment of the money paid through the clearing house, which was refused on the ground that the demand for payment was made too late. No other cause or reason was stated.

The Clearing House Association is a voluntary association of .banks of the city of New York, and only deals with balances between its members. Its object is:

"The effecting at one place of the daily exchanges between the several associated banks and the payment at the same place of the balances resulting from such exchanges." Section 2 of the constitution.

Section 15 of the clearing house rules prescribes that:

"All checks, notes, drafts or other items in the exchanges, returned as 'not good' or missent, shall be returned the same day directly to the bank from whom they were received, and the said bank shall immediately refund to the bank returning the same the amount which it had received through the clearing house for the said checks, drafts, notes or other items so returned to it, in specie or legal tender notes."

Rule 1 of the rules relating to return of checks and reclamations for errors is as follows:

"(1) Return of checks, drafts, etc., for informality, not good, missent, guarantee of indorsement, or for any other cause, should be made before 3 o'clock of the same day."

The constitution and rules of the clearing house create a contractual relation between the members of the association, and only members are bound by same. Nonmembers are in no wise affected, and have no remedy against any member of the association for a breach of its rules. The rights of a depositor in a member bank are not affected by the clearing house rules. Morse on Banks and Banking [3d Ed.] § 351; Merchants' Bank v. Nat. Bank of the Commonwealth, 139 Mass. 514, 2 N. E. 89; Overman v. Hoboken City Bank, 30 N. J. Law, 61.

The contention of the plaintiff is that the payment made through the clearing house is not final, but tentative; that the purpose of rule 1 that checks "not good" should be returned before 3 o'clock of the same day merely fixes the time at which a member bank may assume that a check presented by it was good, in order that it may pay out the proceeds to the depositor. The defendant insists that payment under the rules until 3 o'clock is revocable, but at 3 o'clock it becomes absolute and irrevocable. If not revoked within said time, it becomes absolute. The record does not disclose that the defendant actually paid out the proceeds of the check because of the failure of plaintiff to present it before 3 o'clock. The payment through the clearing house cannot be treated as voluntary, with full knowledge of all the facts. O'Brien v. Grant, 146 N. Y. 163, 40 N. E. 871, 28 L. R. A. 361; Mt. Morris Bank v. Twenty-Third St. Bank, 172 N. Y. 244, 64 N. E. 810. The check was not extinguished by this payment, nor was the indorser thereon discharged. It was within the power of the defendant bank to protect itself after 3 o'clock of that day by protesting the check. The plaintiff bank stood helpless in that regard. If the defendant had repaid the amount of the check at 10 or 12 minutes past 3 o'clock, it would have been in no worse position towards the maker and indorser than it was at 3 o'clock. There is no evidence of any change of position of the defendant. The interpretation of the rule invoked by the defendant would work a forfeiture of the plaintiff's property, even though a delay of 10 or 12 minutes did not release either the maker or indorser of the check. The law does not favor forfeitures. The maker of the check was not released. Crawford's Annotated Negotiable Instruments Law, § 322; Brush v. Barrett, 82 N. Y. 400, 37 Am. Rep. 569. The presentment of the check after business hours on December 6, 1907, was sufficient

to hold the indorser. Salt Springs Nat. Bank v. Burton, 58 N. Y. 430, 17 Am. Rep. 265.

While the particular questions raised in this action as to the force, effect, and limitation of the New York clearing house rules have not been passed upon in this state directly, very analogous rules have been considered and decided at least twice in the Supreme Judicial Court of Massachusetts. The basis for and the reasons stated by the courts in Massachusetts for its determination are logical, sound, and just. In the case of Merchants' National Bank v. National Eagle Bank, 101 Mass. 281, 100 Am. Dec. 120, the court bases its decision on the ground that an error such as is under consideration may be corrected when discovered, if it places the party to whom the check was returned in no worse condition than it would have been in if it had been returned within the time provided. The court in that case construed a rule somewhat similar to the one of the New York clearing house, which requires that checks which were found not good should be returned at a certain hour of the day on which they were received from the clearing house. In that case the plaintiff attempted within the requisite time to comply with the rules, and sent its messenger to the defendant bank with a check, who went to the wrong address and had to return for further instructions, causing a delay of a few moments. Colt, J., writing for the court, said:

"The manifest purpose of the provision is to fix a time at which the creditor bank may be authorized to treat the check as paid and be able to regulate with safety its relations to other parties. We cannot adopt the theory that the failure to present a bad check before the time named to the bank sending it through the clearing house works an absolute forfeiture, and is in itself a perfect bar to any action to recover the amount of such check. The whole arrangement, in all its provisions and declared purposes, is to be construed together. And the law will not construe any portion so as to subject the parties to a penalty or forfeiture of their rights, where other reasonable interpretation can be given which will give effect and consistency to the whole. The parties have in terms affixed no penalty or forfeiture to the stipulation under consideration, and a failure to comply with its terms must leave the parties in the same position and precisely as they would stand when a payment is made under a mistake of fact in the ordinary way."

Also see Merchants' Bank v. Bank of the Commonwealth, 139 Mass. 513, 2 N. E. 89; Northampton Nat. Bank v. Smith, 169 Mass. 281, 47 N. E. 1009, 61 Am. St. Rep. 283; Watson on Clearing House Law, p. 45.

In Preston v. Canadian Bank of Commerce (D. C.) 23 Fed. 179, Blodgett, J., sustains the strict rule of construction, invoked by the defendant, Watson, in his treatise on Clearing House Law, approving the Massachusetts cases and disapproving the Preston Case, saying:

"In the absence of a very explicit provision to the contrary, the rule should be held only to fix an hour at which the banks sending the checks to the clearing house are warranted in treating them as paid in their dealings with their depositors or others. This seems a sufficient object and accomplishment for the rule. The strict construction contended for in the federal case cited [Preston Case] tends too much to the infliction of a penalty, a result not favored by the law."

Judgment directed for the plaintiff for $2,000, with interest from December 6, 1907, with costs.