MEYER ELLENBOGEN, Appellant, v. THE STATE BANK, Respondent.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

Negotiable instruments — foreign draft — no funds of drawer in hands of drawee — when protest unnecessary in order to charge drawer.

The complaint in an action to recover the amount of a draft drawn by defendant to the order of plaintiff's agent upon a bank in Poland for the equivalent in Polish money alleged that the draft was duly presented at said bank, that payment thereof was duly demanded and refused for the reason that defendant had no moneys on deposit at that bank with which to pay the draft.  *Held*, that upon the facts pleaded protest was not required and that a judgment dismissing the complaint because protest of the draft was not pleaded, will be reversed and a new trial ordered.

APPEAL by plaintiff from judgment of the City Court of the city of New York dismissing complaint.

*Jacob Manheim*, for appellant.

*Max Silverstein*, for respondent.

GUY, J.  Plaintiff sued to recover $1,650 on a draft drawn by defendant to the order of plaintiff's agent upon the Polish National Loan Bank, Lublin, for the equivalent in Polish money of that sum.  The complaint alleges that the check was duly presented to the bank at Lublin, that payment was duly demanded, and the bank refused payment for the reason that the defendant had no moneys on deposit in the bank with which to pay the check.

The trial court dismissed the complaint because it was not pleaded that the draft was protested, citing section 260 of the Negotiable Instruments Law, which provides that a foreign bill of exchange, appearing on its face to be such, which is dishonored for non-payment, must be duly protested for non-payment, and that if it is not so protested the drawers and indorsers are discharged.

But section 185 of the statute provides that notice of dishonor is not required to be given to the drawer if the drawer has no right to expect or require that the drawee or acceptor will honor the instrument; and under section 267 protest (which is only required in the case of foreign bills of exchange) is dispensed with by any circumstances which would dispense with notice of dishonor. Further, under section 139, presentment for payment is not required in order to charge the drawer where he has no right to expect or require that the drawee or acceptor will pay the instrument.

It follows that neither presentment nor notice of dishonor was necessary in the light of the facts pleaded by plaintiff, and, therefore, protest was not required. The rule is the same at common law. *Legge* v. *Thorpe*, 2 Campb. 310; *Brush* v. *Barrett*, 82 N. Y. 400; *Harness* v. *Davies County Savings Association*, 46 Mo. 357.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

Bijur and Delehanty, JJ., concur.

Judgment reversed.