Barron, J.
These are two actions of contract in which the plaintiff seeks to recover for balance due for storage of a truck, and for gas and oil sold and delivered. The answer of the defendant is a general denial, and in response to an order for further particulars, the defendant further answered that he did not own the truck and did not agree to pay for the storage.
At the trial the bookkeeper of the plaintiff testified that she addressed the bills for storage to the Causeway Bottling Company at 25 Causeway Street, Boston and that she spoke to the defendant regarding the bills due and that he said that he would send the money.
The president of the plaintiff corporation testified that he had dealings with the defendant relative to the storage of the truck; that he had been to the premises of the *78 Causeway Bottling Company at 25 Causeway Street to dun the defendant; that he saw a very old man there, and that he talked to the defendant with reference to storage. He further testified that he made calls on the telephone to the Causeway Bottling Company requesting payment; that he spoke to the defendant and was told by him that business was bad but that he would try to pay the bill as soon as possible. He also testified that the first time he was told that Henry Shapiro was connected with the business was when he turned the claim over to his attorney for collection and his attorney so advised him; that the bill was for gas, oil and storage; that he always dealt with Charles Shapiro, and never dealt with Henry Shapiro.
The defendant, Charles. Shapiro, testified that he had been employed for a great number of years by the Causeway Bottling Company and that Henry Shapiro was the proprietor of this business. He further testified that the president of the corporation came to the Causeway Bottling Company to solicit business for the storage of the trucks; of this concern, that he talked with the defendant with, reference to terms of storage, and that the defendant stated; that he was satisfied with the price and would garage the*. trucks with the plaintiff.
A certified .copy of a business certificate was admitted in evidence, disclosing Henry Shapiro as doing business as the-Causeway Bottling Company, which had been on file since* 1919.
The bookkeeper, of the plaintiff testified that she thought that it was the defendant who paid the bills. The president of the plaintiff also testified that he was under the impression that the defendant was the owner of the business.
The defendant testified that Henry Shapiro, who was his-father, continued to" do business, as the Causeway Bottling-Company up to the time of his death in June, 1935..
*79 The Court found for the plaintiff in each action on its declaration. The defendant claims to be aggrieved by the rulings and the refusal to rule as requested by the defendant. The following requests, with disposition indicated, are argued and briefed by the defendant:
1. On all the evidence the plaintiff is not entitled to recover. No.
3. That, if the defendant acted as agent for the Causeway Bottling Co., he is not personally liable for payment of its storage charges. Yes, he did not act as agent.
4. That where it appeared from public record that there was a business certificate filed in the City Clerk’s office for the city of Boston, disclosing Henry Shapiro as the owner and proprietor of the Causeway Bottling Co., the plaintiff cannot charge Charles Shapiro for the debt of the said Causeway Bottling Co. No.
5. That if the Court finds that the plaintiff dealt with the defendant as agent of the Causeway Bottling Co., it cannot recover from Charles Shapiro as an individual. Yes. See number 3.
6. That where it appeared from the records that the truck was owned by and registered to Henry Shapiro, the defendant, Charles Shapiro, is not liable for storage of same. No.
7. That, if the defendant had any dealings with the plaintiff, he acted on behalf of Henry Shapiro, doing business as the Causeway Bottling Company. No.
Bequest No. 1 was not in compliance with Buie 28 of the Municipal Court of the City of Boston (1932). It was possible to make requests containing specifications touching the points now argued by the defendant. The defendant failed to do so. He is, therefore, not entitled as of right to review by this Division of the refusal of his request Forbes v. Gordon & Gerber Inc., 1937 A. S. 1055, 1059 for collection of cases by Lummus J.
*80 Requests numbered 3, 5, and 7, were properly denied inasmuch as they were based upon assumptions of facts which were not found by the Court. Cameron v. Buckley, 1938 A. S. 311, 313.
The question of agency in this case is one of fact, to be determined by the trial judge; and findings of fact are not reviewable. Duggan v. Matthew Cummings Co., 277 Mass. 445, 449.
Although the question was not raised, there appears to be sufficient evidence from which the Court could draw the inference that the defendant did not act as agent, and that credit was given to the defendant.
The fact that all negotiations for storage and for payment of the bills were had with the defendant; the nature of the conversation between the parties; the relationship of father and son; the fact that there were no conversations with the father at any time, although he was present; the fact that both father and son occupied the same premises; that the alleged agency was never disclosed; that there was no knowledge by the plaintiff of the filing of a business certificate by one other than the defendant are all factors which the trial justice could weigh in determining the issue before him. Even if the defendant was an agent, the Court could find that the plaintiff had no knowledge of the alleged agency in which event the defendant would be held liable.
One who acts as the agent of an undisclosed principal may be treated as principal by the party with whom he deals. Welch v. Goodwin, 125 Mass. 71, 77.
The Court properly denied Request No. 4. The information revealed in a business certificate as required to be filed! by Gen. Laws, Ch. 110, §5, is for the purpose of helping the-creditor. It certainly was not intended to act as a detriment and prohibit the creditor from recovering against any. person not named in said certificate, who in one instance may *81 have personally obligated himself for a bill of said firm; or who, in another instance, may be liable as an undisclosed principal although he did not personally obligate himself.
If a person conducting a business under a name other than the real name does not fully comply with the statute and violates same by not making a full disclosure, certainly a creditor seeking payments for his bill should not be penalized by barring him from recovery.
For a discussion of the statute see Huey v. Passarelli, 267 Mass. 578, and Crompton v. Williams, 216 Mass. 184, 187, in which Braley J. states:
“The act is intended for the information and protection of creditors with whom the trader contracts under an artificial designation which in the absence of such certificate may enable the actual or responsible debtor for want of identification to escape all liability”.
The plaintiff’s rights are not measured or determined by whether or not a third person complies with certain requirements of the law.
The defendant erroneously contends (Request No. 6) that the defendant is not liable because the truck was owned by and registered to Henry Shapiro.
Ownership is not the exclusive and conclusive test of liability for money due for care of an article or for its maintenance or operation. An article may be leased, loaned, or rented and the owner may not be liable for storage ór maintenance, unless it can be shown that there was either an express or implied contract between the owner himself, or through his duly authorized agent, and the one furnishing the service or merchandise.
The real test is not ownership, but by whom and for whose benefit the contract express or implied, was made.
Report dismissed.