## SCHOFIELD v. GOODRICH BROS. BANKING CO.

(Circuit Court of Appeals, Eighth Circuit. October 23, 1899.)

### No. 1,235.

1. BANKS AND BANKING—POWER TO PURCHASE STOCK IN OTHER BANK—LIABILITY FOR ASSESSMENT.

The purchase by a corporation, only empowered by its charter to transact a banking business, of the stock of another corporation, as an investment, and not as security or in payment of a debt, is ultra vires and void, and cannot be validated by estoppel. Hence such a corporation cannot be held liable for an assessment as a stockholder of a national bank, where it purchased the stock as an investment, although it retained such stock until the national bank became insolvent, and received dividends thereon.

2. FEDERAL COURTS — FOLLOWING STATE DECISIONS—CONSTRUCTION OF STATE STATUTES.

The decisions of the supreme court of a state, defining and limiting the powers of corporations created under the statutes of the state, are constructions of such statutes which will be followed by the federal courts.[1]

3. BANKS—STATUTORY POWERS—NEBRASKA STATUTES.

Consol. St. Neb. 1891, p. 132, § 294, enacted in 1889, requiring state banks to make reports to the state auditor containing specified information, did not add to the powers of such banks; and the requirement therein that such banks should report, among other things, "the par value and ac-

---

[1] State laws as rules of decision in federal courts, see notes to Griffin v. Wheel Co., 9 C. C. A. 548, Wilson v. Perrin, 11 C. C. A. 71, and Hill v. Hite, 29 C. C. A. 553.

tual market value of all stock or bond investments," did not empower them to purchase the stock of other corporations as an investment, where, under the prior statutes, as construed by the supreme court of the state, they were without such power.

In Error to the Circuit Court of the United States for the District of Nebraska.

W. A. Moore (Earl M. Cranston and Robert J. Pitkin, on the brief), for plaintiff in error.

J. W. Deweese (John Heasty, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an action by the receiver of a national bank to enforce a stockholder's liability, under section 5151 of the Revised Statutes. The defense is that the purchase of the stock was ultra vires of the state bank, the alleged stockholder. The material facts are these: The Union National Bank of Denver is a corporation organized under the national banking laws, and the plaintiff in error, John W. Schofield, is its receiver. The defendant in error, the Goodrich Bros. Banking Company, is a banking corporation which was organized under the laws of the state of Nebraska in 1886. The statutes under which it was organized were general in their terms. They allowed any number of persons to become incorporated for the transaction of any lawful business by the adoption and filing of articles of incorporation, and the publication of a notice, among other things, of the general nature of the business of the corporation. Comp. St. Neb. 1899, §§ 1826, 1829, 1833, 1834. The supreme court of Nebraska, in construing these laws, has held, in accord with the general current of authority, that the enumeration of its powers by a corporation in its articles of incorporation, under these statutes, is the exclusion of all other powers. State v. Railroad Co., 24 Neb. 162, 38 N. W. 43. The only powers secured to the defendant in error were those obtained by the use in its articles of these words: "The general nature of the business to be transacted by the corporation is banking in all its various forms and branches." In 1889 the legislature of the state of Nebraska enacted a statute for the purpose of obtaining information relative to the financial standing of banks in that state, which required them to report to the state auditor, among other things, "the amount loaned upon bond and mortgage, the par value and actual market value of all stock or bond investments, designating each particular kind and the amount invested in each." Consol. St. Neb. 1891, p. 132, § 294. Between 1889 and 1895 the defendant in error obtained, partly by subscription and partly by purchase, the 20 shares of the stock of the Union National Bank upon which this action is based, and received six dividends, which amounted in the aggregate to $585. None of this stock was taken by the state bank as security for or in payment of any loan made by it or indebtedness to it, but it was all subscribed for or bought by the defendant in error as an investment. Upon this state of facts, the court below rendered judgment for the defendant in error, and counsel for the receiver insists that this was error, because

the purchase of the stock by the state bank was not beyond its powers, and because, if it was, that bank was estopped from defending on that ground by the fact that it permitted itself to appear as a stockholder on the books of the National Bank, and received dividends on its stock for years, while that bank was incurring its liabilities to the creditors whom the receiver now represents.

Both the questions which the plaintiff in error presents have been decided by the supreme court of the United States, and by the supreme court of the state of Nebraska, and those decisions are controlling authority upon these questions in this court. It would therefore be futile for us to consider or discuss them. Each of these courts has held that the purchase of the stock of another corporation as an investment, and not as security or in payment of a debt, by a corporation simply empowered to transact a banking business, is beyond its powers, and void, and that, since such a purchase is ultra vires and void, it cannot be made or validated by estoppel. Bank v. Kennedy, 167 U. S. 362, 366, 371, 17 Sup. Ct. 831; Bank v. Hart, 37 Neb. 197, 201, 206, 55 N. W. 631.

The decision of the supreme court of Nebraska is a construction of the statutes of that state under which the defendant in error is organized, and it is an elementary principle that the federal courts will construe and apply such statutes as they are interpreted by the highest judicial tribunal of the state which enacts them, when no question of general or commercial law and no right under the national constitution or laws is involved. There is no class of cases where they follow, and for obvious reasons ought to follow, the decisions of the state courts more implicitly than that in which these courts define and limit the powers of corporations created under the statutes of their respective states. What a medley of contradiction, confusion, and conflict would result if such corporations could exercise powers under the decisions of the national courts which are denied to them by the courts of their respective states. The decision in Bank v. Hart is therefore binding authority in this court in the case in hand. Madden v. Lancaster Co., 65 Fed. 188, 192, 12 C. C. A. 566, 570, 27 U. S. App. 528, 536; Sioux City Terminal Railroad & Warehouse Co. v. Trust Co. of North America, 27 C. C. A. 73, 77, 82 Fed. 124, 128, 49 U. S. App. 523, 534; Id., 19 Sup. Ct. 341, 344.

The contention that this decision is inapplicable because the purchase of the stock under consideration in that case was made before the act of 1889 was passed, while the subscription and purchase here in question were negotiated after the passage of that act, cannot be successfully maintained. The defendant in error was incorporated in 1886, before that law was enacted, and its rights and powers were granted and limited by the statutes of Nebraska and the law of the land at that time. Under the decision to which we have adverted, these powers did not include the right or authority to purchase as an investment, either directly or by estoppel, the stock of another corporation. The act of 1889 did not grant that power to this corporation. It was neither the purpose nor the effect of that law to add to or enlarge the powers of banking corporations, but it was enacted for the sole purpose of regulating, controlling, and restricting the exer

98 F.—18

cise of the powers already given. The provisions which it contains, to the effect that these corporations must report to the state auditor the value of all their stock and bond investments, gave them no power to make such investments which the general statutes and the common law had not already granted to them, but its effect was clearly limited to the general purpose of the act, and that was to simply call for information relative to the financial standing of the banks of the state under the powers theretofore granted to them. The construction given by the supreme court of Nebraska to the charters of banks organized under the statutes of that state prior to 1889 is therefore conclusive in this case, and it is in accord with the interpretation given by the supreme court to the franchises conferred upon national banks in similar terms by the acts of congress. The judgment below is sustained by the opinions of the supreme court of the United States and of the supreme court of the state of Nebraska, and it is accordingly affirmed